SEXTON, Judge.
Plaintiff, Julia Marshall, filed suit for damages resulting from injuries she allegedly sustained in a slip and fall incident occurring on the premises of the defendant, Wal-Mart Stores, Inc. d/b/a Sam’s Wholesale.* Following a bench trial, the trial court ruled in favor of the defendant, finding that the plaintiff failed to establish by a preponderance of the evidence that the cause of her fall was a plastic clothes clip on the floor of the defendant’s store. From a judgment dismissing *845 her claim with prejudice, the plaintiff appeals. We affirm.
On the afternoon of May 15, 1989, the plaintiff, along with her mother, son, and daughter, went shopping at Sam’s Wholesale Warehouse located in the Shreve City Shopping Center in Shreveport. After shopping for approximately two hours in the crowded store, the group decided to leave without making any purchases. On their way out of the store, as they were walking in single file between a cash register area and a clothing rack at the front of the store, the plaintiff slipped and fell to the floor.
After her fall, Ms. Marshall remained prostrate on the floor. An unidentified female customer who stated she was a nurse attended to Ms. Marshall immediately after the fall. After an EMS unit arrived, this lady apparently left the store without giving her name.
Within a few minutes of the accident, the store manager came to the scene and placed a pillow or towel under Ms. Marshall’s head. Soon thereafter, the EMS unit arrived and assessed Ms. Marshall’s condition. Their record shows that Ms. Marshall complained of dizziness, but denied any pain and was ambulatory.
Ms. Marshall was taken outside to her car on a stretcher, but rather than seek immediate medical treatment for any injuries she may have sustained, the plaintiff went home to Mansfield. Later that night, she returned to Shreveport for treatment at LSUMC for injuries allegedly resulting from the fall at Sam’s, although the LSUMC records indicate the plaintiff fell “at home.” Suit was filed on April 16, 1990.
Following a two-day bench trial, the trial court dismissed the plaintiffs claim with prejudice, finding that the plaintiff did not prove by a preponderance of the evidence that her fall was caused by a clothes clip on the floor of the defendant’s store. In his written opinion, the trial judge cited the numerous inconsistencies in testimony presented on behalf of the plaintiff as support for his determination. Moreover, the opinion stated that even if it were assumed that the plaintiff slipped on the clothes clip, it was equally, if not more probable, that the plaintiff and her family caused the clothes clip to fall to the floor as they brushed against the clothes rack on their way out of the store. Finally, the trial judge stated that, assuming the plaintiff and her family did not cause the clothes clip to fall to the floor, the evidence did not establish that the defendant failed to exercise reasonable care under the circumstances.
On appeal, the plaintiff argues the trial court committed manifest error in finding that the plaintiff did not carry her burden of proving that the clothes clip caused the fall, and in finding that the defendant met its burden in exculpating itself from liability in this matter.
The threshold issue in a case where the plaintiff claims to have sustained damages as a result of a hazardous condition while on a merchant’s premises is whether the accident was caused by that hazardous condition. La.R.S. 9:2800.6; see also, Johnson v. Wal-Mart Stores, Inc., 616 So.2d 817 (La.App.2d Cir.1993). It is the plaintiffs burden to show that the cause in fact of the accident was caused by the hazardous condition on the merchant’s premises. If the plaintiff meets this burden, “[t]he burden then shifts to the merchant to exculpate itself from the presumption that it was negligent.” LSA-R.S. 9:2800.6B; see also, Johnson v. Wal-Mart Stores, Inc., supra; Hall v. Petro of Texas, Inc., 580 So.2d 420, 422 (La.App.2d Cir.1991), writ denied, 584 So.2d 682 (La.1991). Although a merchant has a duty to his customers to exercise reasonable care in keeping his premises including aisles, passageways, and floors free from hazardous conditions, a merchant is not the insurer of his customer’s safety. Johnson v. Wal-Mart, Inc., supra at 821; Hall v. Petro of Texas, Inc., supra at 422; see also, Dickson v. Wal-Mart Stores, Inc., 535 So.2d 800 (La.App.2d Cir.1988).
In the instant case, the trial court found that the testimony presented by the plaintiff and her family contained so many inconsistencies that plaintiff failed to establish by a preponderance of the evidence that the clothes clip caused the fall. Our review of the record supports the conclusions of the *846 trial judge. We will not elaborate on all of the inconsistent or contradictory testimony presented by witnesses on behalf of the plaintiff, some of which, even though unrelated to the clothes clip issue, obviously affected its credibility in the eyes of the trier of fact. We find, as did the trial court, the conflicting testimony regarding the retrieval of the clothes clip by the plaintiffs mother, Ms. Jewell Crawford, most significant.
At trial, the plaintiff, Ms. Marshall, testified that she was walking behind her mother and son between the cash register area and the clothing rack when she felt her left foot slip out from under her. As she was falling to the floor, she said that she observed a small white clothes clip slip out from under her foot to a distance of about two or three inches away. Plaintiff further testified that, after she had fallen, her mother, Ms. Jewell Crawford, retrieved the clip and put it in her purse after plaintiff told her she had slipped on a clothes clip. Ms. Marshall stated that her mother made a statement to the people who were standing around at the time, including the store manager, the nurse, and the plaintiffs daughter.
Ms. Marshall’s testimony was contradicted by the testimony of her mother, Ms. Crawford, whose own testimony was fraught with inconsistencies. Regarding her actions immediately after her daughter’s fall, Ms. Crawford initially testified that she went to get the store manager. Then she stated that it was the nurse who went to get the manager — a conclusion she came to “after we had talked about it.” Ms. Crawford said that she walked up to the scene of the accident, and while the nurse was rendering first aid, she looked down at her daughter’s feet and saw the white clothes clip under her daughter’s foot. Contrary to her daughter’s testimony, however, Ms. Crawford testified that her daughter did not tell her that she had slipped on a clothes clip. Rather, Ms. Crawford testified that she saw the clip upon turning around immediately after her daughter’s fall. Ms. Crawford claims she picked up the clothes clip, showed it to the people standing around, but said nothing about it as she put it in her purse, again contradicting Ms. Marshall’s testimony. Finally, while Ms. Crawford initially testified that the group brushed against the clothing racks as they were leaving the store, when questioned about this later during her testimony, she denied that she had ever even made the statement.
The store manager, Mr. John Ray, testified that after the EMS unit arrived, and while he was standing at the scene, he observed the plaintiffs mother reach under the clothes rack with her left foot and pull a clothes clip out to where she was standing (at her daughter’s feet). He stated that she then very discreetly opened her purse, took out her billfold, slid the clip into the billfold and put it back into her purse. According to Mr. Ray, nothing was ever said about the clothes clip by Ms. Crawford or Ms. Marshall.
Finally, plaintiffs daughter, Kendra Marshall, who was approximately eighteen years old at the time, testified that she was walking behind her mother when the incident occurred. The younger Ms. Marshall stated that after her mother fell, she called out to her grandmother (Ms. Crawford), who then turned around. She testified that her mother said nothing about the clip, even when asked by the others what had happened. She did not see the clip until she saw her grandmother pick it up from beside her foot. Contrary to her grandmother’s version of the story, she stated that her grandmother showed the clip to the people standing around, including the store manager, and announced: “This is what she fallen on.”
It is well settled in our jurisprudence that an appellate court may not set aside the findings of a trial court in the absence of manifest error. Tannehill v. Brookshire Grocery Co., 588 So.2d 1282, 1287 (La.App.2d Cir.1991), writ denied, 592 So.2d 1334 (La.1992). This is particularly true when findings are based on determinations regarding the credibility of witnesses and the weight to be given to the evidence. Tannehill, supra at 1287. In the instant ease, the trial judge based his determinations on the credibility of the witnesses and rendered his judgment accordingly. We will not disturb his findings.
Appellant cites the case of Zeagler v. Dillard Department Stores, Inc., 521 So.2d 766 *847 (La.App.2d Cir.1988), apparently for the dual proposition that the trial court manifestly erred in its finding that the plaintiff failed to meet its burden of proof by establishing that the clothes clip was the cause in fact of the accident and in its finding that the defendant carried its burden of exculpating itself from liability for the slip and fall. While Zeagler is factually similar to the case at bar to the extent that the ease involved a slip and fall incident allegedly caused by a clothes clip, the judgment from which an appeal was taken involved different issues.
In Zeagler, a jury found that the plaintiff slipped on a clothes clip at the defendant’s store and sustained injuries, even though she produced no witnesses to testify to the event at trial. The jury also found that the plaintiff was fifty percent at fault and the defendant was twenty percent at fault. The trial judge granted a JNOV in favor of the plaintiff, allocating 100 percent of the fault to the defendant on grounds that there was no evidence that the plaintiff was negligent. The JNOV was affirmed by this court on appeal.
Unlike the plaintiff in Zeagler, however, who produced no witnesses other than herself to testify at trial regarding the slip and fall, the plaintiff in the instant ease produced several witnesses who were present at the time of the fall. And, unlike Zeagler, the trier of fact in this case simply did not find the testimony regarding the fall credible. The fact that a jury found a plaintiffs testimony credible in another case with facts similar to the facts alleged in the case at bar does not, in and of itself, bolster the credibility of the testimony presented on behalf of plaintiff in this case, nor does it imply that the trial judge’s findings are clearly erroneous.
Because we leave undisturbed the trial court’s finding that the plaintiff did not meet her burden of proof in establishing the cause in fact of the accident, we need not proceed beyond this threshold issue. Nevertheless, we note in passing that the trial court found that, even if the plaintiff and her witnesses were believable, and she did, in fact, slip on the clothes clip, the defendant exculpated itself from a finding of negligence. On appeal, however, plaintiff cites both La. R.S. 9:2800.6, Subsection C and the Louisiana Supreme Court decision in McCardie v. Wal-Mart Stores, Inc., 511 So.2d 1134 (La.1987), that defendant failed to exculpate itself because it did not introduce evidence that one of its employees did not knock the clothes clip on the floor.
La.R.S. 9:2800.6 was passed by 1988 La. Acts, No. 714 in response to the supreme court’s ruling in McCardie and thereby “changed both the burden of proof a plaintiff had to carry and the burden placed on a merchant to exculpate himself from liability in slip and fall eases.” Davis v. Wal-Mart, Inc., 594 So.2d 557 (La.App. 3d Cir.1992), writ denied, 600 So.2d 608 (La.1992). In McCardie, the supreme court held that, after the plaintiff proves that a foreign substance on the store’s floor caused the plaintiff to fall and sustain injury, the burden of proof shifts to the “store operator [who] is required to prove that his employees did not cause the hazard, and that he exercised such a degree of care that he would have known under most circumstances of a hazard caused by customers.” McCardie, supra at 1135, citing Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685, 687 (La.1984).
In contrast to the evidentiary burden McCardie placed on defendants once a plaintiff has met its burden, La.R.S. 9:2800.6 C stated at the time of the instant accident:
In exculpating himself from liability under this Subsection, the merchant need not introduce the testimony of every employee of the merchant or any particular proportion thereof, but is only required to introduce the testimony of any employee shown to have actually created the hazardous condition and those employees and management personnel whose job responsibilities included inspection or cleanup of the area where the accident giving rise to the damages occurred, (emphasis added)
Hence, pursuant to La.R.S. 9:2800.6 (1988), a merchant is not required to introduce the testimony of every employee as required by McCardie in order to exculpate himself, but only introduce testimony from “ ‘any employee shown [by the plaintiff] to have actually created the hazardous condition’ and those *848 employees (to include management personnel) who had inspection and/or cleanup responsibility in the area of the accident.” Davis v. Wal-Mart, Inc., supra at 562.
La.R.S. 9:2800.6 became effective on July 18, 1988, and applies to all cases tried on or after that date. 1988 La.Acts, No. 714. The statute was amended in 1990 to substantially rewrite Section B. The amending act became effective September 1, 1990, and was made to apply only to causes of action arising on or after the effective date of the act. The cause of action in this case arose on the date of the accident, April 15, 1989, prior to the effective date of the 1990 amendment. Since the instant accident occurred after the effective date of the 1988 amendment, and of course was tried thereafter, according to the terms of the original legislation and the 1990 amendment thereto, this accident is governed by the 1988 version of LSA-R.S. 9:2800.6.
In the instant case, no employee of Sam’s was “shown to have actually created the hazardous condition” which allegedly caused Ms. Marshall’s fall, i.e., an employee who worked in the clothing rack area and could have caused the clip to fall to the floor. In fact, neither the plaintiff nor the defendant introduced any testimony of a Sam’s employee who may have worked in the clothing rack section where the incident occurred. The trial judge believed that it was equally, if not more probable, that a member of the plaintiffs entourage caused the clothing clip to fall from the clothing rack to the floor when they brushed against the clothing racks en route out of the store.
“The merchant’s duty of care requires that reasonable protective measures, including periodic inspections, must be undertaken to insure that the premises are kept free from substances that might cause a customer to fall” Johnson v. Wal-Mart Stores, Inc., supra at 821. Whether the protective measures in a particular store were reasonable must be determined in light of the circumstances of that case. The court should consider such factors as the type and volume of merchandise, the type of display, the floor space utilized for customer service, the volume of business, and other such considerations. Id.
In the case at bar, the incident occurred during a period of heavy customer traffic at a section of the store that would naturally be crowded (the cash register area). Placing a clothing rack at the front of the store, knowing that customers would be examining clothes on the rack certainly entailed a high risk that a clothes clip would be dropped on the floor. The defendant introduced testimony from a store manager on duty the day of the incident and the employee responsible for inspection and cleanup of the area where the incident occurred, as well as other evidence of maintenance and safety sweep procedures. Although the defendant apparently did not completely follow a posted maintenance schedule, employees, including cashiers, were instructed keep the premises free from foreign substances. Most importantly, the evidence adduced showed that the employee who had the responsibility to perform “safety sweeps” of the floors had done so within an hour before the plaintiffs fall.
Thus, assuming arguendo that the defendant’s maintenance procedures are implicated, considering the instant circumstances, we cannot say that the trial judge’s determination that the defendant exculpated itself from a finding of negligence is clearly wrong.
Accordingly, for the reasons stated, we affirm the judgment of the trial court at appellant’s costs.
AFFIRMED.

 Plaintiff erroneously filed suit against Sam’s Wholesale Warehouse, Inc. and their insurer, Corporate Services, Inc. Defendant answered as Wal-Mart Stores, Inc. d/b/a Sam's Wholesale and National Union Fire Insurance Company. Plaintiff never amended the petition accordingly, and the caption has remained as originally filed.