985 So.2d 843 (2008)
Yvette MIRE and Jeff Mire
v.
Wilmar J. O'SHEE, The Horace Mann Insurance Company and The Progressive Insurance Company, Inc.
No. 08-CA-93.
Court of Appeal of Louisiana, Fifth Circuit.
May 27, 2008.
Rehearing Denied July 8, 2008.
*844 Robert T. Garrity, Jr., Richard E. Anderson, Attorneys at Law, Harahan, LA, for Plaintiff/Appellee.
James D. "Buddy" Caldwell, Attorney General, William S. Culver, Jr., Assistant Attorney General Louisiana Department of Justice, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by the State of Louisiana through the Department of Education, defendant-appellant, from a 2.2 million dollar jury verdict in favor of Yvette Mire and her son Jeff, plaintiffs-appellees, in this fatal automobile-motorcycle collision case. For the following reasons we affirm the judgment.
There is no issue as to liability. Wilmer O'Shee was in the course and scope of his employment with the Louisiana Department of Education when the accident occurred. He was driving on a two lane roadway looking for the entrance to a restaurant parking lot on his left. When he saw the entrance he turned left across the oncoming lane of traffic into the path of a motorcycle being ridden by Rickey Mire. Mire collided with O'Shee's vehicle and died at the scene.
Mire's wife Yvette and his minor son Jeff brought the present action against the State. A jury made the following awards:

Rickey Mire's Survival Action $ 150,000.00
General damages for Yvette Mire $ 600,000.00
Loss of Services $ 112,000.00
Loss of Support $1,200,000.00
Funeral Expenses $ 6,666.39
General Damages for Jeff Mire $ 300,000.00
 _____________
Total $2,368,688.39

The total general damage award to Yvette Mire was reduced by $100,000 as required by La. R.S. 13:5106.
The State now appeals urging that 1) evidence as to loss of services and funeral expenses should not have been allowed because those items of special damages were not sought in pleadings; 2) alternatively, if that evidence were properly admitted then the $112,000 award was duplicative because that amount was included in the $1,200,000 for loss of support; and 3) the loss of support award was improperly based on mere speculation that the decedent would have been promoted to the *845 position of Fire Chief of the city of Kenner, with a consequent increase in salary.
As to the first issue, La.Code Civ. Pro. Art. 861 requires that items of special damages must be specifically alleged in the pleadings, and plaintiffs' admit that they did not do so here. However, Art. 1154 of that Code permits amendment of pleadings at trial, even over objection of the opposing party, where the opposing party will not be prejudiced thereby. In Stevens v. Winn-Dixie of Louisiana, 95-0435 (La. App. 3rd Cir.11/9/95), 664 So.2d 1207, the court held that this article was applicable where special damages were at issue. We agree with this ruling. The only other question is thus whether the State was prejudiced by the trial judge's decision to admit evidence of loss of services and funeral expenses.
When the State objected to the evidence, plaintiffs' counsel stated that these items had been specified in a settlement letter. Counsel for the State admitted receiving this letter. On this showing the trial judge determined that there was no prejudice to the State and allowed the pleadings to be amended so as to include these items of special damages. This ruling is correct. We also note in this regard that the State's economist testified at length about his calculations as to loss of services, thus showing further that the demand for these items did not surprise the State.
The second issue is whether the $112,000 for loss of services was included in the award for loss of support. Plaintiffs' expert, Cynthia Lee Sheng, testified that her calculations showed the value of loss of services to be $112,000. She then proposed three scenarios based on different wage levels for Rickey Mire. At the time of his death, he was an assistant fire chief for the city of Kenner. Based on his salary at that job, the loss would be $603,490 in lost wages and $112,000 in lost services, or $715,490. If he were to have gone into private fire protection work, his expected salary would produce a loss of $690,183 and $112,000 in lost services, or $802,183. If he would have been promoted to fire chief in Kenner, the loss would be $1,156,837 and $112,000 in lost services, or $1,268,837. Based on this testimony, the jury awarded $112,000 for loss of services, and $1,200,000 in lost wages. The only discrepancy in these awards is that the jury awarded $43,163 more in lost wages than Ms. Sheng's figure.
It is clear to this court that the jury properly awarded the separate item of $112,000 for loss of services, based as it was on expert testimony. It is equally clear that there was no duplication of this amount in the loss of support award because the difference in the expert's estimate and the actual award does not correspond in any way with the $112.000 figure. Moreover, although the loss of support award was higher than the expert's estimate by $43,000, juries are not bound by the exact figures offered by experts, but may rely on a common sense approach to all of the evidence in fixing such damages. Guidry v. Coregis Ins. Co., 2004-325 (La. App. 3rd Cir., 12/29/04), 896 So.2d 164. Our review of the evidence of record does not disclose any error in the jury fixing damages at slightly more than the expert's estimates, and we therefore affirm that award.
The State finally argues that plaintiffs' expert's calculations for the highest amount for loss of support were based on mere speculation that Mire would have been promoted to the fire chief position in Kenner. Damages for loss of support need not be established with mathematical certainty, but need only be shown by a preponderance of the evidence, and *846 there is necessarily a speculative element in ascertaining such damages. Street v. Louisiana Pacific Corp., 36-352, 36-353 (La.App. 2nd Cir.9/18/02), 829 So.2d 450; Pierce v. Milford, 96-92 (La.App. 3rd Cir. 9/25/96), 688 So.2d 1093. Numerous factors must be considered in arriving at a reasonable estimation of how much a decedent might have earned in his future work life. Street v. Louisiana Pacific Corp. supra. In this court's opinion the potential for increased earnings due to an anticipated promotion is one such factor. Our inquiry here is thus whether plaintiffs established that more probably than not Mire would have been promoted to the position of fire chief for the city of Kenner.
At the time of his death Mire was assistant fire chief in Kenner with 28 years of service. During his career he earned an associate degree in fire technology, completed numerous training courses in firefighting for which he received certificates, and he had passed the required civil service test for fire chief positions.
Various officials testified as to the prospects of Mire becoming fire chief. Dominic Mumphrey, a former Kenner fire chief said the there were four people who might be in line for the promotion, but that Mire was in his opinion the number one candidate. Mike Zito, the fire chief who followed Chief Mumphrey and who was Mire's superior officer at the time of the accident, stated that Mire was training for his position and that he was grooming him for the job. Philip Capitano, who was elected mayor of Kenner the week after Mire's death, testified that had Mire not died he absolutely would have appointed him to the fire chief position, and that everyone concerned knew it and supported Mire for the promotion.
Considering the above testimony there was certainly sufficient evidence upon which the jury could have based its implicit finding that Mire would have become fire chief. This being a factual issue, the standard of review here is that of manifest error. Jones v. Martinez, 2007-24 (La. App. 3rd Cir.10/24/07), 967 So.2d 1205. Because we have no basis upon which to conclude that the finding by the jury was clearly wrong, we must affirm that finding.
For the foregoing reasons, the judgment in this matter is hereby affirmed.
AFFIRMED.