637 So.2d 1150 (1994)
Nita R. WALKER
v.
Dinh Van THAP and Liberty Lloyds Insurance Company.
No. 92-CA-0016.
Court of Appeal of Louisiana, Fourth Circuit.
May 17, 1994.
*1151 Mark A. Myers, Susan M. Mueller, Staines, Eppling & Myers, Metairie, and Albert D. Giraud, McNulty & O'Connor, New Orleans, for appellants.
Gregory P. Di Leo, Nita R. Walker, New Orleans, for appellee.
Before SCHOTT, C.J., and BYRNES and CIACCIO, JJ.
BYRNES, Judge.
The plaintiff, Nita R. Walker, sued the defendant, Dinh Van Thap and his insurer Liberty Lloyds Insurance Company for personal injury damages she sustained when she was struck by a vehicle driven by Mr. Thap. The First City Court for the City of New Orleans rendered judgment in favor of the plaintiff in the sum of $10,000. Defendants appeal. We affirm.
The facts surrounding the accident are irrelevant to this appeal.
I. The trial court did not exceed its jurisdictional limits when it found that plaintiff had sustained damages in the sum of $21,625.62.
The First City Court rendered a judgment which stated in pertinent part that:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, Nita R. Walker, and against defendants, Dinh Van Thap and Liberty Lloyds Insurance Company, jointly, severally and in solido, in the following amounts:
* * * * * *
TOTAL $21,625.62
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that petitioner, Nita R. Walker, is found 50% at fault for the above damages, thereby reducing her damages by that amount;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendants, Dinh Van Thap and Liberty Lloyds Insurance Company, are found 50% at fault for petitioner's injuries; and that defendants, Liberty Lloyds Insurance Company and Dinh Van Thap, be ordered to pay the plaintiff, Nita R. Walker, the sum of $10,000.00, the jurisdictional limits of this court....
The defendants argue that this judgment violates the $10,000 jurisdictional limits of First City Court. That argument is expressed with great clarity in the defendant's brief:
In rendering its judgment, the trial court made an initial award to plaintiff/appellee in the amount of $21,625.62. He then made his reductions for comparative fault, etc.
Defendants/appellants respectfully submit that, pursuant to Louisiana law, the highest amount that could initially have been awarded to plaintiff/appelleeprior to any reductions for comparative faultwas $10,000.00. (Emphasis added.)
LSA-C.C.P. art. 4843(A) specifically states:
"... the civil jurisdiction of a city court is concurrent with the district court in cases *1152 where the amount in dispute, or the value of the property involved, does not exceed $10,000.00"
Further, LSA-C.C.P. art. 4, in pertinent part, states:
"When the jurisdiction of a court over the subject matter of an action depends upon the amount in dispute, or the value of the right asserted, it shall be determined by the amount demanded or value asserted in good faith by the plaintiff."
Finally, as is stated in LSA-C.C.P. art. 5:
"When a plaintiff reduces his claim on a single cause of action to bring it within the jurisdiction of a court and judgment is rendered thereon, he remits the portion of his claim for which he did not pray for judgment, and is precluded thereafter from demanding it judicially."
By voluntarily filing her lawsuit in New Orleans First City Court, plaintiff/appellee subjected herself to all of the jurisdictional limitations of that court. Thus, by voluntarily choosing that venue, plaintiff/appellee conceded that the highest amount which she could claim in damages "in good faith" was $10,000.00. Therefore, by the very language of the above-cited Louisiana Code of Civil Procedure articles, the highest "amount in dispute" in this matter was $10,000.00. (Emphasis added.)[1] Statutorily, no more could have been claimed by plaintiff.
However, even though the conceded "amount in dispute" in this matter was worth no more than $10,000.00, the trial court initially awarded plaintiff/appellee the sum of $21,625.62. Defendants/appellants respectfully submit that the trial court did not have jurisdictional authority to do so.
Defendants/appellants respectfully submit that "amount in dispute" is determined prior to any considerations of comparative fault. The damages sustained are still the damages sustained no matter who was at fault for causing them. The trial court, however, apparently reasoned that the "amount in dispute" was arrived at by making an award, then reducing it by comparative fault, then reducing it by any other necessary amounts to bring it within jurisdictional limits. Defendants/appellants have researched this issue and have been hard-pressed to find legal authority in Louisiana to support the trial court's position.
The plaintiff/appellee's own petition supports the defendants/appellant's position. The plaintiff/appellee claimed that she sustained certain damages. By filing in city court, she conceded that those damages did not exceed $10,000.00. Thus, the most that those damages did not exceed $10,000.00. Thus, the most that she should have even initially been awarded for those damages is $10,000.00. She never conceded comparative fault in her petition. The pleadings indicate that, as far as she was concerned, comparative fault was not even an issue. Her "amount demand [sic] or value asserted in good faith", exclusive of any considerations of comparative fault, was $10,000.00. Thus, in effect by her own admission, the most that she should have been initially awarded, exclusive of any considerations of comparative fault, was $10,000.00.
This Court does not agree with the defendants' argument for the following reasons:
There was only one amount awarded by the judgment, i.e., $10,000.00. Contrary to defendants' assertions, the judgment of the First City Court did not make an "initial award to plaintiff/appellee in the amount of $21,652.62." There was only one "award" in the judgment and that was the award of *1153 $10,000 which was indisputably within the jurisdictional limits of the First City Court.
It is true that the judgment states that "there be judgment herein in favor of the plaintiff ... [in the sum of] $21,625.62."
But that is not what the trial court actually awarded when the judgment is read as a whole. Defendants acknowledge that the judgment requires them to pay only $10,000. The language that the defendants characterize as an "initial award" is really not an award, but merely a finding that plaintiff sustained damages of $21,625.62. The only award is the award of $10,000.
II. The Only Amount In Dispute Was $10,000.
This part of defendants' argument turns on the definition of "amount in dispute." "Amount in dispute" means the maximum amount that the successful party may be awarded by judgment; conversely, the maximum amount the unsuccessful party may be ordered to pay. It is the amount at risk in the litigation. The subject matter in dispute may involve far larger claims, but the claimant has the right to waive the excess over the jurisdictional amount. LSA-C.C.P. art. 5. Defendants concede that the plaintiff waived that portion of her claim that exceeded $10,000.00.
There is no logical difference between awarding plaintiff $10,000 on a $20,000 promissory note in order to stay within the jurisdiction of the court, and awarding plaintiff $10,000 on a $20,000 damage claim regardless of whether it was reduced to stay within the jurisdictional amount or because it was reduced in response to a finding of comparative fault. The controlling factor is that the plaintiff has, in effect, agreed in advance to limit her recovery for whatever reasons to the jurisdictional limits of $10,000.00.
Moreover, we agree with the plaintiff's reductio ad absurdum argument:
The defendants-appellants' second assignment of error is that the City Court should have first made an award to the plaintiff-appellee and then reduced it by her 50% fault, thereby awarding her damages of only $5,000.00. This approach is illogical and has no legal justification. $5,000.00 represents neither the plaintiff's actual damages nor does it represent half of her damages after reduction for her fault. It only represents one-half of the City Court's jurisdictional limits.
To say that the court could only total her damages at $10,000.00 and then reduce that amount by half is tantamount to the court's finding that the plaintiff was 75% at fault. Therefore, it would have been clearly wrong for the court to award only $5,000.00 in damages.
Following the defendants-appellants' logic, if the plaintiff's damages were one million dollars, and if the plaintiff were 99% negligent, she would receive only $100.00 in compensation for her injuries, when $10,000.00 is 1% of her total damages, and the jurisdictional limits of the court.
The City Court did not exceed its jurisdictional authority in making its initial award to the plaintiff. If any error occurred by the court in the language contained in the judgment, that error was harmless, as the judgment could have contained specific language that the plaintiff's damages of $21,625.62 are reduced by one-half and remitted to the $10,000.00 jurisdictional limits of the court. The same result would follow. The defendant-appellants have no authority for their position whatsoever.
III. The defendants' appeal was not frivolous.
Plaintiff answered the defendants' appeal and prayed for damages for frivolous appeal. This court rejects plaintiff's arguments on this issue for the following reasons:
A. The fact that defendants' appeal is unsuccessful does not mean it is frivolous. The test is not the success or failure of the appeal. Where contentions on appeal are without merit, but raise legitimate issues, damages for frivolous appeals are not allowed. Sample v. Sample, 432 So.2d 376 (La.App. 1 Cir.1983). Appeals are favored and appellate courts are reluctant to impose a penal award of damages for frivolous appeals. Michael v. Michael, 602 So.2d 1099 (La.App. 1 Cir.1992).

*1154 B. The failure of the defendants to offer any witnesses or exhibits at the trial does not mean that this appeal is frivolous. The plaintiff argues that this failure to produce evidence at trial is proof that this appeal was taken solely for purposes of delay and is, therefore, frivolous. As stated at the outset, the facts surrounding the accident are irrelevant to the subject matter of this appeal which turns on a question of law not fact. The failure of a party to contest factual issues at the trial court does not constitute a waiver of that party's issues of law.
C. Plaintiff's contention that the defendants' "only authorities cited are codal articles regarding the City Court's jurisdictional limits of $10,000" and are, therefore, frivolous, is without merit. Plaintiff's implication that only case law is valid in Louisiana is totally contrary to our civilian concept of legislation as the primary source of law.
If we were to carry plaintiff's reasoning to its logical conclusion, we would be forced to conclude that her answer to this appeal is frivolous. We agree with plaintiff's argument that her award should not be reduced below $10,000 because of comparative negligence, but she can cite no case that has held that. We have ruled that "amount in dispute" does not mean what the defendants argue that it means, but we did not rule that defendants' arguments were frivolous. Defendants' interpretation of "amount in dispute" might be completely reasonable when LSA-C.C.P. art. 4 is read by itself without reference to LSA-C.C.P. art. 5. It was equally reasonable for the defendants to appeal to this Court, as a court of record, to define this phrase in the absence of any controlling precedent on the relationship between comparative negligence and jurisdictional amount.
For the foregoing reasons, plaintiff's request for damages for frivolous appeal is denied and the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Defendants effectively concede their case at this point when they acknowledge that "the highest `amount in dispute' in this matter was $10,000." Defendants never argue that the plaintiff ever intended to attempt to collect more from them than the jurisdictional limit of the First City Court.

Therefore, Bryant v. Pierson, 583 So.2d 97 (La. App. 3 Cir.1991) is inapposite. In the Bryant case the plaintiff sought and obtained a judgment in excess of the jurisdictional limit of the court. The Third Circuit ruled that the trial court lacked jurisdiction from the outset which absolute nullity could not cured by subsequently reducing the amount of the previously rendered judgment to the $10,000 jurisdictional limit of the court.