664 So.2d 1207 (1995)
Alice STEVENS
v.
WINN-DIXIE OF LOUISIANA.
No. 95 CA 0435.
Court of Appeal of Louisiana, First Circuit.
November 9, 1995.
*1209 A. Wayne Stewart, Albany, for Appellee, Alice Stevens.
C. Michael Futrell, Christopher Matchett, Baton Rouge, for Appellant, Winn Dixie, LA, Inc.
Before LOTTINGER, GONZALES and FITZSIMMONS, JJ.
GONZALES, Judge.
This is an appeal from a judgment rendered in a slip and fall case. Defendant, Winn Dixie Louisiana, Inc. (Winn Dixie), challenges the trial court's determination that Winn Dixie was at fault, and the amount of damages awarded to the plaintiff, Alice Stevens.

FACTS AND PROCEDURAL HISTORY
On October 20, 1991, Ms. Stevens slipped and fell in a hallway leading to the restroom at a Winn Dixie store in Walker, Louisiana, resulting in injuries to her neck and back.
On February 10, 1992, Ms. Stevens filed the instant suit against Winn Dixie and Ronald Adams,[1] the manager of the store. The defendants answered the suit and included a prayer that the case be tried to a jury. *1210 According to a trial court minute entry, on September 7, 1993, Ms. Stevens' attorney stipulated in open court that the amount of the case was reduced to $20,000.00 or less. A bench trial was held on April 25, 1994. At the end of the presentation of the plaintiff's case, the trial court granted a defense motion for directed verdict as to Ronald Adams. The defense then presented its case and the trial court took the matter under advisement. On October 6, 1994, the trial court issued reasons for judgment finding that Winn Dixie and Ms. Stevens were each 50% at fault in the accident and assessed Ms. Stevens' damages at $30,000.00. On October 20, 1994, the trial court signed a judgment in favor of Ms. Stevens and against Winn Dixie for $15,000.00.
Winn Dixie appeals the adverse judgment, asserting the following assignments of error:
(1) The trial court erred in finding Winn Dixie at fault in the accident.
(2) The trial court erred in the amount of damages awarded to Ms. Stevens in three respects. First, the award of $30,000.00 exceeds the stipulation made by Ms. Stevens' attorney that the amount of the case was less than $20,000.00. Second, the award included special damages which were not specifically plead. Third, the award was excessive for the minimal damages sustained by Ms. Stevens.

LIABILITY OF WINN DIXIE
The accident in this case occurred on October 20, 1991. Thus, the applicable burden of proof for a plaintiff in a slip and fall case is set forth in La.R.S. 9:2800.6, as amended by 1990 La.Acts No. 1025, § 1, effective September 1, 1990.[2] The statute provides as follows:
Sec. 2800.6. Burden of proof in claims against merchants
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.
D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322 or 2695.
As has been pointed out by the Louisiana Supreme Court, the current version of La.R.S. 9:2800.6 is a "decidedly pro-defendant statute." Welch v. Winn-Dixie Louisiana, Inc., 94-2331 (La. 5/22/95), 655 So.2d 309, 314. It places a strict burden upon a slip and fall plaintiff to prove that she slipped and fell due to a condition on defendant's premises which presented an unreasonable risk of harm, that the risk of the harm was reasonably foreseeable, that defendant either created the condition or had actual or constructive notice of the condition prior to the occurrence, and that defendant failed to exercise reasonable care.
*1211 Ms. Stevens testified that she was taking her two daughters to the restroom when she fell. She stated that as she rounded the corner into the hallway where the restrooms were located, she saw a Winn Dixie employee backing out of the men's restroom with what appeared to be a mop in his hand. Although Ms. Stevens admitted that there was a wet floor sign in the area, she testified that it was not positioned in the middle of the hallway, but was folded into a closed position and was leaning against the wall near the men's bathroom. Ms. Stevens slipped and fell in the hallway between the men's restroom and the women's restroom. She testified that, after she fell, she asked the employee why he had not warned her that the floor was wet, and that the employee apologized.
The testimony of Tony Licciardi, the Winn Dixie employee who was mopping the floor, contradicts the testimony of Ms. Stevens. According to Licciardi, on the day in question, he was instructed by Gerrit Sanchez, Jr., the assistant manager of the Winn Dixie, to mop the bathroom area of the store. Licciardi testified that he placed a wet floor cone sign in the hallway between the men's restroom and the women's restroom and was mopping the hallway in front of the men's bathroom with a yellow mop bucket which also was printed with a wet floor warning. According to Licciardi, Ms. Stevens had a young girl and a young boy with her as she entered the hallway to the restrooms and that the young boy was pulling Ms. Stevens along.[3] Licciardi testified that he heard Ms. Stevens tell the young girl to watch the floor because it was wet. The young boy then broke loose from Ms. Stevens grasp and began to run away. As Ms. Stevens chased the young boy, she slipped and fell. Licciardi testified that Ms. Stevens was wearing high heeled shoes when she fell. Although Licciardi acknowledged that Ms. Stevens asked him why he failed to warn her that the floor was wet, he testified that he responded by pointing out that there was a wet floor cone sign plainly within Ms. Stevens' view in the middle of the hallway.
Gerrit Sanchez's testimony supports Licciardi's testimony. According to Sanchez, he was in the store's office when Licciardi came and told him about the accident. When Sanchez reached the scene, there was a wet floor cone sign in the middle of the hallway just past the men's restroom, and there was a mop bucket propping open the door where Licciardi had been mopping near the men's restroom. Sanchez saw Ms. Stevens on the floor just past the wet floor cone sign. Sanchez confirmed that Ms. Stevens was wearing high heeled shoes.
In its reasons for judgment, the trial court found that the floor where Ms. Stevens fell was wet and had recently been mopped. In the context of slip and fall cases, a hazard is shown to exist when the fall results from a foreign substance on the floor or from an otherwise unreasonably slippery condition. Stockwell v. Great Atlantic & Pacific Tea Company, 583 So.2d 1186, 1188 (La.App. 1st Cir.1991). The trial court also found that Licciardi created the hazard which caused Ms. Stevens to fall and that he "had an affirmative duty to warn individuals entering the wet hallway of the danger which he had, in fact, created." The merchant's duty of care requires that reasonable protective measures be undertaken to insure that the premises are kept free from substances that might cause a customer to fall. Whether the protective measures in a particular store are reasonable must be determined in light of the circumstances of that case. Braud v. Great Atlantic & Pacific Tea Company, Inc., 618 So.2d 1069, 1074 (La. App. 1st Cir.1993); Marshall v. Sam's Wholesale Warehouse, 626 So.2d 844, 848 (La.App.2d Cir.1993), writ denied 93-2921 (La. 1/28/94), 630 So.2d 796. In this case, the trial court apparently determined that Winn Dixie's duty to undertake precautionary measures included a duty to warn Ms. Stevens that the floor leading to the restroom was wet.

FACTUAL FINDINGS
The trial court based its finding of liability upon the existence of the wet floor *1212 and the absence of appropriate protective measures which would have warned Ms. Stevens of the resulting hazard. These determinations are factual in nature. The manifest error rule does not allow this court to reverse the trial court's judgment with regard to factual findings in the absence of manifest error or unless the trier of fact is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La. 1989). Further, credibility determinations are subject to the strictest deference and the manifest error-clearly wrong standard demands great deference for the trier of fact's findings. Theriot v. Lasseigne, 93-2661 (La. 7/5/94), 640 So.2d 1305, 1313. Where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 883 (La. 1993). The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong but whether the factfinder's conclusion was a reasonable one. Stobart v. State, Department of Transportation and Development, 617 So.2d at 882. The reviewing court may not disturb reasonable evaluations of credibility and reasonable inferences of fact when viewed in light of the record in its entirety even though it feels its evaluations are more reasonable.
The trial court apparently gave more weight to the testimony of Ms. Stevens, who stated that the wet floor warning sign was not positioned in the middle of the hallway leading to the restrooms. The trial court also apparently rejected the testimony of Licciardi and Sanchez, which, if believed, would have established that Ms. Stevens was fully aware that the floor was wet because of her warning to her daughter to "watch the floor" and because of the placement of the mop bucket and the wet floor cone sign in the middle of the hallway.
After a thorough review of the record, we cannot say the findings of the trial court are manifestly erroneous or clearly wrong. Faced with two permissible views of the evidence, the trial court, as the factfinder, chose to accept Ms. Stevens' characterization of the evidence as correct. As such, the trial court determined that Licciardi was mopping the hallway without the precaution of effective warning signs and that this situation created a duty on his part to warn Ms. Stevens that the hallway was wet. Based on our evaluation of the record, and although our evaluation may have lead to a different result, we cannot say that the trial court's conclusion was manifestly erroneous or clearly wrong. Accordingly, we find no error in the trial court's assessment of liability to Winn Dixie.

STIPULATION OF MAXIMUM DAMAGES
Winn Dixie contends that the trial court erred in rendering judgment in the amount of $30,000.00, which exceeded the $20,000.00 amount stipulated to prior to trial as the maximum damages sought by Ms. Stevens.
The record clearly establishes that the stipulation referenced by Winn Dixie was indeed agreed to by the parties. The record contains a minute entry dated September 7, 1993 which states:
This matter appearing on the jury trial docket this date. Present in Open Court A. Wayne Stewart for the plaintiff. Present for the defendant[,] Christopher Matchett. Counsel entered into a stipulation. Mr[.] Stewart stated that the amount of this case was reduce[d] to $20,000.00 or less. Court set this matter for bench trial on November 22, 1993 at 9:00.
Despite the stipulation, in the trial court's reasons for judgment, the court stated that it was "of the opinion that due [to the] length of plaintiff's injury, her obvious physical pain and suffering and the size of the medical bills which she has incurred that the sum of $30,000.00 would adequately compensate her for her injury."
A stipulation has the effect of a judicial admission or confession, which binds all parties and the court. Stipulations between the parties in a specific case are binding on the trial court when not in derogation of law. R.J. D'Hemecourt Petroleum, Inc. v. McNamara, 444 So.2d 600, 601 (La.1983), cert. denied, 469 U.S. 820, 105 S.Ct. 92, 83 L.Ed.2d 39 (1984); Arruebarrena v. Boh Brothers Construction Company, Inc., 539 *1213 So.2d 78, 88 (La.App. 4th Cir.1989). We have found no authority, nor has Ms. Stevens provided any, indicating that a stipulation as to the maximum amount of a plaintiff's damages is in derogation of law. Thus, we find that the trial court was bound by the stipulation and erred in assessing Ms. Stevens' damages in the amount of $30,000.00 when the parties stipulated that her damages would be $20,000.00 or less.

FAILURE TO PLEAD SPECIAL DAMAGES
Winn Dixie contends that the trial court erred in awarding special damages not specifically plead by Ms. Stevens.
In her petition, Ms. Stevens prayed for judgment in her favor "in an amount consistent with the facts and circumstances of this case and damages and injuries suffered by the Plaintiff, plus legal interest thereon from date of judicial demand until paid...." The petition contains no specific allegations of special damages. At the trial of this matter, Ms. Stevens' counsel introduced several exhibits as evidence of special damages sustained by Ms. Stevens, including costs of a king-size mattress and frame, a heating pad, visits to a chiropractor, and mileage expenses incurred by Ms. Stevens for trips to the chiropractor's office. The introduction of this evidence was met by the objection of Winn Dixie's counsel who argued that special damages had not been plead. The trial court overruled the objection and allowed introduction of the evidence.[4]
Items of special damages must be specifically alleged. La.C.C.P. art. 861. "Special damages" are those which can be fixed to a pecuniary certitude. Hernandez v. Continental Casualty Insurance Co., 615 So.2d 484, 488 (La.App. 4th Cir.), writ denied, 620 So.2d 850 (La.1993). Generally, a trial court may not award special damages which have not been specifically plead. The purpose of the specificity requirement is to avoid the imposition of surprise upon the defendant. The only exception to this general rule is where otherwise inadmissible evidence of special damages is admitted without objection and the pleadings are thereby enlarged to encompass those special damages. La.C.C.P. art. 1154; Mistich v. Pipelines, Inc., 609 So.2d 921, 938 (La.App. 4th Cir. 1992).
Although the above items were not plead by Ms. Stevens in her petition, we note that Ms. Stevens listed "[a]ny and all medical and/or pharmaceutical expenses and travel expenses incurred by Plaintiff concerning this accident" in her pre-trial order as part of the exhibits she intended to introduce at trial. Since Winn Dixie's pre-trial order also listed these exhibits, Winn Dixie was aware of the existence of these claimed expenses, and, despite its objection to the evidence at trial, cannot claim surprise at Ms. Stevens' inclusion of these items as part of her damages. See Recherche, Inc. v. Jewelry Jungle, Inc., 377 So.2d 1329, 1332 (La.App. 1st Cir. 1979), writ denied, 379 So.2d 254 (La.1980). We find no error in the inclusion of these items in the assessment of damages.

QUANTUM
Winn Dixie argues that the $30,000.00 award was excessive in light of the minimal damages sustained by Ms. Stevens. As previously determined, the trial court erred in awarding more than the $20,000.00 which was stipulated by Ms. Stevens as her maximum damages. Thus, in reviewing the amount of the damage award, we reduce it to the $20,000.00 maximum which could have been awarded by the trial court, and then we *1214 must determine whether an award of $20,000.00, which includes special damages and general damages,[5] constitutes an abuse of discretion.
A reviewing court should not set aside an award of special damages unless an analysis of the facts and circumstances reveals an abuse of discretion in setting the award. Rochel v. Terrebonne Parish School Board, 93-0383 (La.App. 1st Cir. 5/20/94), 637 So.2d 753, 757-758, writ denied, 94-1613 (La. 10/7/94), 644 So.2d 633. Further, the standard for appellate review of general damages is set forth in Youn v. Maritime Overseas Corporation, 623 So.2d 1257, 1261 (La.1993), wherein the Louisiana Supreme Court stated that the discretion of the trier of fact is great, and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Youn v. Maritime Overseas Corporation, 623 So.2d at 1261.
Based on the evidence contained in the record, we find no abuse of discretion in the trial court's determination that Ms. Stevens sustained special damages in the amount of $5,000.00. Further, we cannot say that the trial court's assessment of the effect of Ms. Stevens' particular injury in this particular case amounts to an award of general damages beyond the realm of reason. However, because the trial court erred in awarding more than the $20,000.00 stipulation, we reduce the award to $20,000.00. This correspondingly reduces the amount of the judgment to $10,000.00 in light of the trial court's determination, unchallenged on appeal, that Ms. Stevens' was 50% at fault in the accident.

DECREE
For the foregoing reasons, the judgment of the trial court is AMENDED from $15,000.00 to $10,000.00, and AS AMENDED, is AFFIRMED. Costs of the appeal are to be assessed 50% to Ms. Stevens and 50% to Winn Dixie.
NOTES
[1] The petition incorrectly referred to Mr. Adams as Robert Adams.
[2] Section 2 of 1990 La.Acts No. 1025 provides: "This Act shall become effective September 1, 1990. The provisions of this Act shall apply only to causes of action which arise on or after the effective date of this Act."
[3] Although Licciardi testified that Ms. Stevens had a young girl and a young boy with her, Ms. Stevens' testimony establishes that she is the mother of two daughters only.
[4] When Winn Dixie's counsel objected to the introduction of the evidence, the trial court stated, "I will hear it subject to the objection." This statement implies that the court would hear the evidence and then decide whether to sustain or overrule the earlier objection. This type of ruling on the admissibility of evidence is one that is frequently seen in trial court transcripts. In actuality, this is not a ruling at all. It does not specifically sustain or overrule the objection. If the meaning of the ruling is that the court will let the evidence in, and after hearing it, evaluate its admissibility, then this procedure would require a subsequent ruling by the court. Since that did not happen in this case (and almost never happens), and since the trial court did not later exclude the evidence, the only logical conclusion to be reached is that the trial court's failure to make a subsequent ruling on the admissibility of the evidence constitutes an overruling of Winn Dixie's objection.
[5] In its reasons for judgment, the trial court notes that Ms. Stevens "produced evidence of medical bills of approximately $5,000.00" and then goes on to award her a total of $30,000.00. An award for medical bills is an award of special damages. Mistich v. Pipelines, Inc., 609 So.2d at 938. We presume that the remaining amount of the award constituted general damages.