681 So.2d 1248 (1996)
Tammy BULLOCK
v.
Lillie GRAHAM, T.L. James & Company, Inc. and Highlands Insurance Company.
No. 96-C-0711.
Supreme Court of Louisiana.
November 1, 1996.
*1249 Timothy Kevin Lamy, Barker, Boudreaux, Lamy & Foley, for Applicant.
Philip Jude Borne, Christovich & Kearney, for Respondents.
BLEICH, Justice.[*]

ISSUE
We granted writs in this case to determine the amount of damages a plaintiff may recover after stipulating that the amount in controversy did not exceed the jurisdictional limits placed on civil jury trials by La.C.C.P. art. 1732(1).[1] The court of appeal reduced the trial court's judgment to conform with the parties' stipulation. We affirm.

FACTS AND PROCEDURAL HISTORY
The facts of this case are not in dispute. Tammy Bullock brought this action against T.L. James & Company, Inc. (T.L. James) and its liability insurer, Highlands Insurance Company, for injuries sustained as a result of a collision between her automobile and a compacting machine owned by T.L. James and operated by Lillie Graham at the time of the accident.
In response to Bullock's petition, defendants filed an answer in which they denied all allegations of negligence, asserted contributory negligence as an affirmative defense, and requested a jury trial. Shortly thereafter, plaintiff filed a supplemental and amended petition in which she alleged that the amount in controversy did not exceed the jurisdictional limitations placed on civil jury trials by Louisiana Code of Civil Procedure, Article 1732(1). Defendants answered the amended petition by stipulating that the amount in controversy did not exceed $20,000.00. As a result, the trial court struck the jury trial request and the matter proceeded to a bench trial.
Following trial on the merits, the court concluded that plaintiff was entitled to general damages of $20,000.00 and special damages of $8,288.97. The trial court further found that defendants were 60% at fault and that plaintiff was 40% at fault. Following a reduction for plaintiff's comparative fault, the trial court rendered judgment in favor of plaintiff, Bullock, and against defendants, T.L. James, Graham and Highlands Insurance Company in the amount of $16,973.38 together with interest and costs.
Defendants appealed this judgment to the First Circuit Court of Appeal. Following its previous decision in Stevens v. Winn-Dixie of Louisiana, 95-0435 (La.App. 1st Cir. 11/9/95); 664 So.2d 1207, the First Circuit amended the judgment by reducing plaintiff's recovery to $12,000.00. The First Circuit arrived at the amended judgment by reducing the $20,000.00 jurisdictional limit by plaintiff's 40% comparative fault. We granted writs to determine the correctness of the court of appeal's decision, and to resolve the *1250 conflict among the circuits. Bullock v. Graham, T.L. James & Company, Inc. and Highlands Insurance Company, 95-1050 (La.App. 1st Cir. 2/23/96); 670 So.2d 806.

DISCUSSION
The stipulation that the trial court is limited in the amount it can award is not contested. What is at issue is the method of calculation of the award. Plaintiff argues that the trial court's assessment of damages, $28,288.97, should be reduced by her percentage of comparative fault, and then if the award is in excess of the jurisdictional limit, it should be further reduced to conform with the limitations provided by Article 1732(1). This was the method used by the Fourth Circuit in the case of Walker v. Thap, 92-0016 (La.App. 4 Cir. 5/17/94); 637 So.2d 1150. The defendants contend that under the stipulation, the maximum possible award is $20,000.00, and any comparative fault attributed to the plaintiff should be deducted from that amount. This was the method of the First Circuit in this case on appeal and in the case of Stevens, supra. We agree with the First Circuit's method of calculation.
Part of the confusion lies in the differing terminology being utilized. Article 1732 refers to "cause of action" while plaintiff used the term "amount in controversy" in her stipulation. Black's Law Dictionary defines "cause of action" as "the fact or facts which give a person a right to judicial redress or relief against another." It further defines "amount in controversy" as "the damages claimed or relief demanded by the injured party in dispute; the amount claimed or sued for in litigation." BLACK'S LAW DICTIONARY (6th Ed.1990). We think the terms are synonymous as used in this case. Both refer to the amount the plaintiff alleges her case is worth. In order to avoid a jury trial, plaintiff had to allege that her case was worth less than $20,000.00. The result of her allegations deprived the defendants of their fundamental right to a jury trial which they had requested.
Procedural maneuvers designed solely to deprive litigants of their right to jury trial based on jurisdictional amounts are disfavored. Black v. Prudential Property & Casualty Insurance Co., 93-878 (La.App. 3d Cir. 3/2/94), 634 So.2d 1340, 1344. Plaintiff's petition limiting the amount in controversy to $20,000.00 deprived the defendants of their right to a jury trial. Plaintiff should therefore be bound by that stipulation. Furthermore, stipulations between the parties are binding on the trial court when not in derogation of law. R.J. D'Hemecourt Petroleum, Inc. v. McNamara, 444 So.2d 600, 601 (La. 1983), cert. denied, 469 U.S. 820, 105 S.Ct. 92, 83 L.Ed.2d 39 (1984). We have found nothing to indicate that a stipulation as to the maximum amount of damages is in derogation of law. Therefore, both the plaintiff and the trial court are bound by the $20,000.00 jurisdictional limit. So when the trial court was assessing plaintiff's damages and concluded that she was entitled to $20,000.00 in general damages and $8,288.97 in special damages for a total of $28,288.97, the trial court was obligated to reduce the total amount of damages to $20,000.00 in accordance with plaintiff's stipulation. The remainder of plaintiff's damages should be regarded as waived. Louisiana Civil Code of Procedure Article 5 says as much. "When a plaintiff reduces his claim on a single cause of action to bring it within the jurisdiction of a court and judgment is rendered thereon, he remits the portion of his claim for which he did not pray for judgment, and is precluded from demanding it judicially." La.C.C.P. art. 5. Although Article 5 refers to the subject matter of a court, the same principle applies here when we are referring to the jurisdictional limits for a jury trial.
The plaintiff argues that according to her method of calculation, she is still bound by the stipulation. She would have us believe that her method produces a qui pro quo between the parties. The stipulation benefits the defendants by limiting the amount of damages to a maximum of $20,000.00. The plaintiffs benefit by receiving a bench trial, rather than a jury trial, while the entire judicial system benefits by a less expensive and quicker trial. While this may be true, the plaintiff fails to point out that if the defendants had received a jury trial as they originally requested, the jury might have *1251 found for the defendants with the plaintiff recovering nothing.
Louisiana Code of Civil Procedure Article 1731 governs the availability of jury trials with regard to particular issues. Part (B) of that article states: "The nature and amount of the principal demand shall determine whether any issue in the principal demand or incidental demand is triable by jury." La. C.C.P. art. 1731(B). Louisiana Code of Civil Procedure Article 1732 is a limitation to Article 1731. At the time of this litigation, Article 1732 read in pertinent part as follows:
"A trial by jury shall not be available in:
(1) A suit where the amount of no individual petitioner's cause of action exceeds twenty thousand dollars exclusive of interest and costs."
These two articles read together support our decision as to the correct method of calculation. Plaintiff alleged in her petition that the amount in controversy did not exceed $20,000.00. We take this to mean that the maximum recovery, given no fault on her part, is $20,000.00. If plaintiff is assessed a percentage of fault, then that percentage would be deducted from the maximum recoverable amount or $20,000.00. Just as with the federal diversity statute, 28 U.S.C. § 1332, the plaintiff's claim controls. Anderson v. Moorer, 372 F.2d 747, 750 (5th Cir., 1967). In plaintiff's petition, she alleges zero fault on her part. Then in an amended petition she alleges that the amount in controversy does not exceed $20,000.00. It then follows that the most she expects to recover if she is not at all at fault is $20,000.00.
Plaintiff would argue that our interpretation is too narrow and restrictive. She would have us include the comparative fault issue pled by defendants in their original answer, which pre-dated the amended petition containing the stipulation. Since the stipulation followed the allegation of comparative fault by defendants, plaintiff wishes for their amended petition to be construed in light of the comparative fault issue and recovery limited to $20,000.00 after a reduction of comparative fault. Plaintiff believes that the "cause of action" includes all issues raised by the pleadings.
Although not directly on point, but relevant for guidance purposes, 28 U.S.C. § 1332 gives United States district courts original jurisdiction over cases involving citizens of different states where the matter in controversy exceeds the sum or value of $50,000.00. Federal courts have unanimously held that it is the plaintiff's claim or demand that controls, even if the defendant has a viable defense to any or all of plaintiff's claim. "[T]he probability of a valid factual defense... is not sufficient to diminish the amount in controversy and to oust the court of jurisdiction, even if that defense appears on the face of the complaint." Anderson, 372 F.2d 747 at 750. Clearly, the federal courts do not take into consideration comparative fault alleged in a defendant's answer when determining jurisdiction.
The various courts of appeal across our state disagree on the method of calculation of an award under these circumstances. In the Fourth Circuit case of Walker v. Thap, 92-0016 (La.App. 4th Cir. 5/17/94), 637 So.2d 1150, the plaintiff filed a suit in First City Court of New Orleans for personal injuries sustained when her vehicle was struck by defendant's vehicle. The court found that petitioner had sustained damages in the amount of $21,625.62 and further found petitioner to be 50% at fault. Calculating petitioner's damages in light of her comparative fault, the court determined them to be $10,812.81. Since this amount was in excess of the jurisdictional limit of the City Court ($10,000.00), the award was further reduced and judgment was rendered in favor of petitioner for $10,000.00. Walker, supra.
The First Circuit, in Stevens v. Winn-Dixie of Louisiana, 95-0435 (La.App. 1st Cir. 11/9/95), 664 So.2d 1207, held a stipulation similar to the one in the present case binding on the court and reduced plaintiff's award by his comparative fault, but began at the stipulated amount. In that case, plaintiff stipulated in open court that the amount of the case was reduced to $20,000.00 or less to overcome the defendant's request for a jury trial. The trial court awarded plaintiff $30,000.00, which after the application of 50% comparative fault, was reduced to a $15,000.00 judgment. The court of appeal reduced *1252 the award to $20,000.00, which then entered a final judgment of $10,000.00 in light of the plaintiff's 50% comparative fault. Stevens, supra.
In the instant case, plaintiff alleged in her petition that the good faith amount in dispute was less than $20,000.00, it then follows that the most plaintiff could expect to recover is $20,000.00 if plaintiff is free from fault. Since plaintiff has been assessed 40% comparative fault, her recovery should be reduced accordingly. The result is an award of $12,000.00 to the plaintiff.

DECREE
For the assigned reasons, the maximum amount plaintiff could recover is $20,000.00, the amount of her stipulation, which will be reduced accordingly by plaintiff's percentage of fault. The decision of the First Circuit Court of Appeals is affirmed.
KIMBALL and JOHNSON, JJ., dissent.
CALOGERO, C.J., dissents and assigns reasons.
CALOGERO, Chief Justice, dissenting.
I dissent. Contrary to the majority's assertions, the "amount in dispute" in a given case is the amount that one might ultimately get from the totality of a claim, including quantum and full percentage reductions.
When a plaintiff stipulates that her claim is worth no more than $20,000, based on an anticipation of, for example, a $35,000 quantum reduced by 50% comparative fault, an ultimate award in an amount less than $20,000 establishes retrospectively that the plaintiff was entitled to recover no more than $20,000 from the defendant. The plaintiff is not stipulating that her quantum in damages exceeded $20,000, but rather that the amount she would be due at case end is $20,000 or less. There is no provision of law holding that a judge in a non-jury circumstance is prohibited from assessing proven damages in excess of $20,000, though the law might indeed prohibit his denying a defendant a jury trial because of a plaintiff's stipulation where the ultimate judgment rendered (the amount in controversy and the amount of the award) exceeds $20,000. In this latter event, he ought not have prevented the defendant from having a jury trial on plaintiff's stipulation.
Contrary to the majority's assertions, this interpretation does not disadvantage a defendant, whose exposure is limited to $20,000 (now $50,000 by Acts 1993, No. 661, § 1) as a result of a plaintiff's decision to ask for no more than $20,000. Furthermore, if a defendant truly desires a jury trial, and disbelieves a plaintiff's assertion of an ultimate amount below the jurisdictional floor, the defendant may contravene the plaintiff's good faith at a hearing on contradictory motion.
Since the amount ultimately awarded by the trial court in the instant case was below the $20,000 jurisdictional floor, and since more pertinently there is no error in denying a jury trial where the ultimate amount awarded is less than $20,000, the decision of the trial court awarding plaintiff $16,973.38 should have been upheld.
NOTES
[*] Lemmon, J., not on panel. Rule IV, Part 2, § 3.
[1] La.C.C.P. art. 1732, which places limitations on jury trials, provided, at the time of this matter, in pertinent part as follows:

A trial by jury shall not be available in:
(1) A suit where the amount of no individual petitioner's cause of action exceeds twenty thousand dollars exclusive of interest and costs.
The statute was amended by Acts 1993, No. 661, § 1 to change the jurisdictional amount to fifty thousand dollars exclusive of interest and costs.