686 So.2d 127 (1996)
Scottie A. TRICHE
v.
ALLSTATE INSURANCE COMPANY.
No. 96 CA 0575.
Court of Appeal of Louisiana, First Circuit.
December 20, 1996.
*128 Jerald P. Block, Thibodaux, LA, for Plaintiff/Appellee, Scottie A. Triche.
James F. Ryan, Metairie, LA, for Defendant/Appellant, Allstate Insurance Company.
Before WATKINS and KUHN, JJ., and GUIDRY, J. Pro Tem.[1]
CARL A. GUIDRY, Judge Pro Tem.
This is an appeal from a judgment rendered against an uninsured motorist ("UM") insurer as the result of an automobile accident. Defendant, Allstate Insurance Company ("Allstate"), contends that the trial court erred in holding a bench trial rather than a jury trial. Alternatively, Allstate contests the amount of damages awarded to plaintiff, Scottie A. Triche ("Triche").

FACTS
On March 12, 1993, Triche, while operating a vehicle owned by his employer, was involved in a rear-end collision with a vehicle operated by David S. Delaune. Triche settled with Allstate, in its capacity as Delaune's liability insurer, for the $10,000.00 policy limits. Subsequently, on March 7, 1994, Triche filed suit against his employer and Allstate, in its capacity as his employer's UM insurer. In paragraph twelve of the petition, Triche alleged that "the matter in controversy exceeds the amount specified in Code of Civil Procedure Article 1732(1) pertinent to jury trials." However, Triche did not request a jury trial. Allstate filed an answer to the petition on April 27, 1994. In this answer, Allstate denied the allegation contained in paragraph 12 of Triche's petition and requested a jury trial. The trial court granted Allstate's order for a jury trial on April 28, 1994. Allstate timely filed the appropriate jury bond. Additionally, on August 14, 1994, Allstate made an unconditional tender of $15,000.00 in UM benefits to Triche. A jury trial was subsequently scheduled for November 2-3, 1995.
On October 26, 1995, seven days before the jury trial was scheduled to begin, Triche's counsel sent a letter to the trial court advising the court that after discussing the matter with counsel for Allstate, they had concluded that "this matter [did] not exceed $50,000.00; therefore [they had] agreed to waive the jury." The letter was not signed by counsel for Allstate. Pursuant to this stipulation, the trial court held a bench trial on November 2, 1995. Allstate did not object to the bench trial prior to commencement of the trial.
The only witness to testify live at the bench trial was Triche. At the conclusion of his testimony, Triche began his closing argument. During the course of this argument, Triche's counsel stated, in pertinent part, as follows:
We have waived our right to a jury in this case, so we're dealing with limiting our case to $50,000. The UM coverage in this case is $50,000. But we're not claiming that full amount of money. What we're claiming is, that we are submitting that Mr. Triche has a claim, giving credit for the 10,000, giving credit for the 15,000 ... we are really talking about the difference between that and $50,000.
* * * * * *
So, really what we're talking about, Judge, is, does Mr. Triche have a claim that exists, that exists over and above what has already been paid to him. I think the answer to that is clearly yes.
The following discussion followed Triche's closing argument:
THE COURT:
[Y]ou wrote me a letter when you waived the jury. Saying that your claim was not worth in excess of $50,000.
[PLAINTIFF'S COUNSEL]:
Right.
*129 THE COURT:
And I really never thought about that before just now. And I'm wondering, did you mean your total case or your claim against Allstate in the jury?
[PLAINTIFF'S COUNSEL]:
My claim against Allstate in the jury. In other words, if, and let's say in connection with this matter, Judge, the way that I, at least I envisioned it, is this. If the case is worth $100,000, and you had to, and I guess that, Judge, to some extent that's what you have to do in this case, I guess.
THE COURT:
To value the whole case?
[PLAINTIFF'S COUNSEL]:
To value the whole case.
THE COURT:
Right.
[PLAINTIFF'S COUNSEL]:
You have to value the whole case and sit there then
THE COURT:
And apply the credits.
[PLAINTIFF'S COUNSEL]:
and apply the credits and our stipulation and waiver in connection with this, I guess that's what you're going to have to do. I think that's probably the proper way to do it.
THE COURT:
OK. But you're not suggesting that if, in other words, the maximum recovery in this case could possibly be $60,000?
[PLAINTIFF'S COUNSEL]:
Right. But what I'm saying, what I'm saying is this, that based upon what I, my agreement was, our agreement was, is that when you sit there we're talking about a differential between what has been paid, the 10,000, the 15,000.
THE COURT:
Right.
[PLAINTIFF'S COUNSEL]:
And the 50,000.
THE COURT:
Right.
[PLAINTIFF'S COUNSEL]:
So, we're talking about a $25,000 difference.
THE COURT:
Right. But with the $50,000 UM policy, were you ever entitled to a jury trial against Allstate?
* * * * * *
[PLAINTIFF'S COUNSEL]:
Sure, Judge. I think there's no question thatwe didn't ask for the jury trial; they did, OK.
THE COURT:
Right.
[PLAINTIFF'S COUNSEL]:
But the question is whether or not they were entitled to ask for it, I think the answer to that is clear, because, remember that there was an underlying amount.
THE COURT:
That's what I say; the maximum case is 50, the maximum judgment value with the insurance is 60,000.
[PLAINTIFF'S COUNSEL]:
That's correct.
THE COURT:
So, at that point, they were entitled to a jury trial, because there was a possibility of a $60,000 judgment being rendered just on the insurance.
[PLAINTIFF'S COUNSEL]:
That's correct.
THE COURT:
OK. I agree with that.
[PLAINTIFF'S COUNSEL]:
OK.
THE COURT:
Response, [Allstate's counsel]?
[ALLSTATE'S COUNSEL]:
With regards to the last issue that you all are talking about, Judge, it was his stipulation that he felt that the claim was worth under the 50. It's a double edged sword, because if I indicate that it's worth more than 50, then I potentially open up a Pandora's box.
THE COURT:
Right.
*130 [ALLSTATE'S COUNSEL]:
But it also takes away my right to a jury trial. And I guess with a jury there may be a better or worse result based on whatever may take place today.
THE COURT:
Right.
[ALLSTATE'S COUNSEL]:
So, I guess for the record, it's his stipulation that he feels that it's worth that. I don't have any comment one way or the other, although I think I was probably entitled to a jury anyway, but that's not what took place.
After these discussions, the trial court awarded Triche $50,000.00 in general damages, $32,880.00 in lost wages and $15,017.40 in medical expenses. He stated that "[j]udgment will be rendered in that amount against the defendant, with appropriate credits to be given in the judgment, plus costs, legal interest, as appropriate."
After the trial court recited its decision, Allstate's counsel complained that Triche's counsel indicated Triche's claim did not exceed $50,000.00, but the award by the court was well over that amount. At this point, more discussions ensued, and for the first time, Triche's counsel argued that his stipulation only pertained to the amount of damages that Triche could recover from Allstate.
A judgment in favor of Triche, and against Allstate, in the amount of $97,897.40, was signed on November 22, 1995. The amount of the judgment was subject to a credit for the amounts previously paid by Allstate as the liability insurer of Delaune, and as the UM insurer of Triche's employer. Additionally, the judgment provided that the amount was subject to the limits of the Allstate policy.
Allstate appealed from the judgment urging two assignments of error. First, Allstate contends that it was entitled to a jury trial once it became clear that Triche's cause of action exceeded $50,000.00. Alternatively, Allstate argues that in light of Triche's stipulation that his cause of action did not exceed $50,000.00, the trial court's ultimate award of the remaining policy limits ($35,000.00) to Triche was in error, as the most Triche could have recovered was $25,000.00.

ENTITLEMENT TO JURY TRIAL
Louisiana Code of Civil Procedure article 1732 provides, in pertinent part: "A trial by jury shall not be available in: (1) A suit where the amount of no individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs." However, when a defendant fails to raise any objection at the time of trial with regard to the lack of a jury, or seek supervisory writs on the interlocutory order denying the jury trial, and proceeds to present his case before the court, he waives his right to a jury trial. Van Meter Drilling Company v. Kubelka, 544 So.2d 547, 550 (La.App. 5th Cir.1989).
In the present case, Allstate timely requested and was granted a jury trial. However, the parties subsequently agreed to a stipulation that the "matter [did] not exceed $50,000.00;" and accordingly, Allstate expressly waived its right to a jury trial. Allstate acknowledged its decision to agree to plaintiff's stipulation and proceed with a bench trial during the discussion held after Triche's closing argument. While we recognize that in light of the stipulation, Allstate expected the total judgment would not exceed $50,000.00, this does not change the fact that Allstate expressly waived its right to a jury trial. Thus, we find that Allstate's complaint lies more properly with the amount of the judgment rendered by the trial court, rather than with the trial court's failure to order a jury trial. Consequently, this assignment of error is without merit.

STIPULATION OF MAXIMUM DAMAGES
Allstate contends that in light of the stipulation as to maximum damages, the most Triche could have recovered from Allstate was $25,000.00. This contention is based on Allstate's interpretation of the $50,000.00 stipulation as representing the total value of Triche's damages sustained in the accident. If Triche's damages were $50,000.00, he would be underinsured by $40,000.00 because there was underlying liability coverage of $10,000.00. As Allstate previously tendered $15,000.00 to Triche, it would *131 owe only $25,000.00. However, Triche contends that the stipulation addressed only the amount of damages that Triche could recover from Allstate, and did not refer to the total value of his damages.
It is clear from the record that the parties entered a stipulation regarding the maximum value of the case after a discussion between their counsel. A stipulation has the effect of a judicial admission or confession, which binds all parties and the court. Stevens v. Winn-Dixie of Louisiana, 95-0435 (La.App. 1st Cir. 11/9/95); 664 So.2d 1207, 1212. Stipulations between the parties in a specific case are binding on the trial court when not in derogation of law. Bullock v. Graham, 96-0711, p. 4 (La. 11/1/96); 681 So.2d 1248; Stevens v. Winn-Dixie of Louisiana, 664 So.2d at 1212. Moreover, it is well settled that procedural maneuvers designed solely to deprive litigants of their right to a jury trial based on jurisdictional amounts are disfavored. Bullock, 681 So.2d at 1250.
Triche's letter limiting "the matter" to $50,000.00 had the effect of depriving Allstate of its right to a jury trial. Triche should therefore be bound by that stipulation. However, the parties have now taken contrary positions regarding what the stipulation was referencing through the words "this matter." Thus, we must look to the record to determine what was intended by the stipulation.
After a thorough review of the record in its entirety, we find that it clearly establishes that Triche intended "this matter" to refer to the total value of his damages. This conclusion is supported by various statements made by Triche's counsel to the trial court during closing arguments. Particularly, Triche admitted that the amount of money at issue was $25,000.00, the difference between $50,000.00 and the amounts previously received by Triche from the liability policy and the unconditional tender of UM benefits. This statement only makes sense if the $50,000.00 stipulation referred to the total value of Triche's damages.[2] Also, Triche did not argue that the stipulation was only as to the damages Triche could collect from Allstate, rather than total damages, until after Allstate complained about the judgment being in excess of the stipulation. Finally, in his brief, Triche argues that Allstate was never entitled to a jury trial because he could recover no more than the $50,000.00 policy limits from Allstate, and the jurisdictional limit for a jury trial is $50,000.00. This argument is in direct contravention of statements made by Triche's counsel at the trial. Specifically, Triche's counsel agreed with the trial court that at one time (i.e. before the stipulation), Allstate was entitled to a jury trial because of the possibility of a $60,000.00 judgment being rendered just on the insurance.
Furthermore, we believe this conclusion is supported by the Louisiana Supreme Court's recent pronouncement in Bullock v. Graham, 96-0711 (La. 11/1/96); 681 So.2d 1248, on the effects of stipulations as to maximum damages. In Bullock, the plaintiff stipulated that the amount in dispute did not exceed $20,000.00.[3] Despite the stipulation, the trial court assessed the plaintiff's damages at $28,288.97. However, after reducing the award by plaintiff's 40% comparative fault, the defendants were cast in judgment for $16,973.38. This court, relying on Stevens v. Winn-Dixie of Louisiana, 95-0435 (La.App. 1st Cir. 11/9/95); 664 So.2d 1207, decreased the plaintiff's damage award to $20,000.00, and cast defendants liable for $12,000.00. Bullock v. Graham, unpublished opinion, 95-1050 (La.App. 1st Cir. 2/23/95); 670 So.2d 806. The supreme court affirmed the decision of this court. Bullock, 681 So.2d at *132 1251-52. In doing so, the supreme court rejected the plaintiff's argument that the trial court's judgment was correct because the amount that she could ultimately recover from the defendant (after the reduction for her percentage of comparative fault) did not exceed the jurisdictional amount for a jury trial. The Bullock plaintiffs argument is similar to Triche's argument presented to this court that "this matter" referred only to the amount he could ultimately recover from Allstate. However, this argument ignores the necessity for a court to assess the total value of a claimant's damages to determine if a claimant is entitled to UM benefits.
For these reasons, we find that Triche's stipulation referred to the total value of his damages. Accordingly, the trial court was bound by the stipulation and was in error to assess Triche's damages at any amount in excess of $50,000.00. Consequently, that part of the judgment awarding Triche $97,897.40, less credits of $10,000.00 and $15,000.00, and subject to the Allstate UM policy limits, is amended to provide that Triche is limited in his recover of damages to $50,000.00, rendering Allstate liable to Triche for $25,000.00. Costs of this appeal are assessed equally between the parties.
AFFIRMED AS AMENDED.
NOTES
[1] Judge Carl A. Guidry, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] If the stipulation was, as Triche contends, only as to the amount in dispute between Allstate and Triche, $35,000.00 would have been at issue (the $50,000.00 policy limits less the $15,000.00 tender, assuming the total value of Triche's damages exceeded $60,000.00). On the other hand, if the maximum total value of Triche's damages was $50,000.00, the most Triche could recover from Allstate was $25,000.00. This amount is calculated by subtracting from Triche's $50,000.00 in damages, a $10,000.00 credit for the underlying liability insurance, rendering Triche underinsured to the extent of $40,000.00. Since Allstate already tendered $15,000.00 to Triche, it would owe only $25,000.00 of its remaining $35,000.00 UM policy limits.
[3] At the time suit was filed in Bullock, La.C.C.P. art. 1732(1) required a petitioner's cause of action to exceed $20,000.00, or else a jury trial was not available.