| ¡PARRO, J.
Peggy M. Landry appeals a parish court judgment awarding her its jurisdictional limit of $20,000 against Dale A. Johnston and his liability insurer, Allstate Insurance Company (Allstate Liability), subject to the Allstate Liability policy limits and to a credit in the amount of $10,000 for the amount already paid her by her underin-sured motorist insurer, Allstate Insurance Company (Allstate UM). Ms. Landry claims the court should have awarded her $20,000 in “new money,” not subject to a credit for the Allstate UM payment. Finding no error in the court’s judgment, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
Ms. Landry was injured in an automobile accident on January 23, 1997, when a truck driven by Mr. Johnston rear-ended her vehicle while it was stopped for a light at an intersection. She filed suit in the parish court of Ascension Parish, naming as defendants Mr. Johnston and his liability insurer, Allstate Liability, and her un-derinsured motorist insurer, Allstate UM. Before the case went to trial, she settled with Allstate UM for its $10,000 policy *257 limits, dismissing it with prejudice. In connection with this • settlement and payment, she signed a subrogation agreement with Allstate UM, assigning to it her right to recover damages to the extent of the payment made by Allstate UM. She reserved all rights against Mr. Johnston and Allstate Liability for its $10,000 policy limits. Mr. Johnston and Allstate Liability answered the suit, denying all Lability and asserting the right to a credit for any amounts paid by any third party.
After a trial, the court found Ms. Landry proved she was entitled to an award of “at least $20,000” in damages for her injuries caused by the accident. In written reasons for judgment, the trial court examined the issue raised by Ms. Landry concerning the $10,000 settlement with Mí-state UM. The court stated:
The plaintiff, Peggy Landry, argues that because she settled with Allstate [UM] for $10,000.00 prior to the trial, that that amount is no longer in dispute and is therefore not included in the court’s jurisdictional amount. Defendant, Allstate [Liability], on the other hand, argues that because the plaintiff chose to file her suit in Ascension Parish Court, she chose her forum at the outset and therefore limited her recovery to $20,000.00 which is the amount of civil jurisdiction of Ascension Parish Court.
1¡¡The court further explained:
To do as the plaintiff requests would require this court to render a judgment for $30,000.00 including $20,000.00 in “new” money and $10,000.00 representing the amount already received. This court simply cannot render a judgment for more than $20,000 under any circumstances. The judgment would be null because it would exceed the jurisdictional limits of this court.
The alternative would be to render a judgment for $20,000.00 specifically stating that it is all new money over and above what the plaintiff already received. The court does not feel, however, that it can impinge on the subrogation rights which automatically occur in favor of Allstate [UM] pursuant to the subrogation agreement signed by plaintiff on June 10, 1998.
A judgment was rendered in favor of Ms. Landry and against Mr. Johnston in the amount of $20,000, plus legal interest from date of judicial demand and all costs of court. The judgment further stated:
that Allstate [Liability] be held solidarity liable with Dale A. Johnston for the sum of $10,000.00 of the above judgment against Dale A. Johnston, plus legal interest from date of judicial demand and all costs of court.
IT IS FURTHER ORDERED that a $10,000.00 credit shall be applied to the judgment of $20,000.00 against Dale A. Johnston pursuant to the uninsured motorist coverage settlement already paid to plaintiff by Allstate [UM] pursuant to the June 10, 1998, subrogation agreement entered into by plaintiff and Allstate [UM].
The judgment was signed June 2, 1999, and Ms. Landry filed this timely appeal. There are no factual disputes, and the only issue on appeal concerns the trial court’s recognition that Mr. Johnston is entitled to a credit for the $10,000 Allstate UM payment to Ms. Landry, thereby limiting her total recovery to $20,000, plus interest and costs.
DISCUSSION
The subject matter jurisdiction of the parish court is set out in Louisiana Code of Civil Procedure articles 4841 and 4842. The pertinent portions of those articles state:
Art. 4841. Subject matter jurisdiction
A. The subject matter jurisdiction of parish courts and city courts is limited by the amount in dispute and by the nature of the proceeding, as provided in this Chapter.
B. Fpr the purposes of this Chapter, the amount in dispute is determined by *258 the amount demanded, including damages pursuant to Civil Code Articles 2315.3 and 2315.4, or value asserted in good faith by | ¿the plaintiff, but does not include interest, court costs, attorney fees, or penalties, whether provided by agreement or by law.
[[Image here]]
Art. 4842. Parish court jurisdiction; amount in dispute; injunctive actions by a political subdivision
A. Except as otherwise provided by law, the civil jurisdiction of a parish court is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed twenty thousand dollars.
* # * * * *
When a plaintiff reduces his claim on a single cause of action to bring it within the jurisdiction of a court and judgment is rendered thereon, he remits the portion of his claim for which he did not pray for judgment and is precluded thereafter from demanding it judicially. LSA-C.C.P. art. 5.
In Bullock v. Graham, 96-0711 (La.11/1/96), 681 So.2d 1248, the supreme court addressed the issue of whether a trial court could find there were damages in excess of a stipulated amount and then reduce those damages by the plaintiffs percentage of fault, thereby bringing the actual amount awarded within the stipulated limit. Citing Article 5 of the Code of Civil Procedure, the court ruled that any damages above the stipulated amount were regarded as waived by the plaintiff. The damage award could not exceed that maximum recoverable amount, and the plaintiffs percentage of fault was to be deducted from the maximum recoverable amount. In reaching this conclusion, the court approved this court’s decision in Stevens v. Winn-Dixie of Louisiana, 95-0435 (La. App. 1st Cir.11/9/95), 664 So.2d 1207, and disapproved a decision in which the Fourth Circuit affirmed a city court’s finding that the plaintiffs damages exceeded that court’s jurisdictional amount, but which then reduced those damages by her percentage of fault to bring the actual award within its jurisdictional limit. See Walker v. Thap, 92-0016 (La.App. 4th Cir.5/17/94), 637 So.2d 1150.
Although not directly on point (the plaintiff in Bullock had stipulated to a limited amount in order to avoid a jury trial), we believe the rationale of the Bullock case | .¡supports the trial court’s decision in the case before us.[2] By filing her suit in the parish court, Ms. Landry implicitly chose to limit her recovery to an amount within the court’s jurisdictional limit and to remit any portion of her claim beyond that limit. See LSA-C.C.P. art. 5. Had the court awarded her more than $20,000, its jurisdictional limit would have been exceeded and its judgment would have been null. See LSA-C.C.P. arts. 3 and 2002. Had the trial court stated that the $20,000 award was all “new money,” not subject to any credit for the Allstate UM payment already received by Ms. Landry, the situation would be very similar to the decision of the trial court in the Bullock case. The trial court there found actual damages in excess of its jurisdictional limit, but after making a deduction for the plaintiffs percentage of fault, the amount awarded was within the court’s limit. Here, the trial court would have been recognizing that actual damages exceeded the jurisdictional limit, but after making a fictitious deduction for the Allstate UM credit, the actual damages awarded would have been within the court’s limit. Because the supreme court rejected this approach in Bullock, we believe the trial court was correct in rejecting this approach in the case we are reviewing.
*259 Given the court’s jurisdictional limit of $20,000, it could not award more than this amount. The court found Mr. Johnston was liable for $20,000. A plaintiffs uninsured/underinsured insurer and the tortfeasor are solidary obligors. Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982). The solidary obligor who has not settled with the obligee is entitled to have the obligee’s recovery reduced by the amount of the released soli-dary obligor’s portion of fault or liability. See LSA-C.C. art. 1803; Osborne v. Ladner, 96-0863 (La.App. 1st Cir.2/14/97), 691 So.2d 1245, 1256. Because Mr. Johnston was solidarity liable with Allstate UM, he was entitled to a credit for the $10,000 already paid by Allstate UM in satisfaction of their solidary obligation. See LSA-C.C. art. 1804. Therefore Mr. Johnston is only obligated to pay Ms. Landry $10,000. Allstate Liability’s policy limit was $10,000 per person; therefore its ^solidary liability with its insured, Mr. Johnston, was limited to that amount. Upon payment of $10,000 (plus interest and court costs) to Ms.- Landry by either Mr. Johnston or Allstate Liability, the obligation of both will be satisfied. The trial court judgment was correct.
CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Ms. Landry.
AFFIRMED.

. As the trial court noted, this is a res nova issue; our research revealed no cases directly on point.