STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

03-630

GREGORY E. WILLIAMS

VERSUS

PAMELA QUINN, ET AL.

**********
APPEAL FROM THE
PINEVILLE CITY COURT
PARISH OF RAPIDES, NO. 01-541
HONORABLE J. PHILLIP TERRELL  JR., CITY COURT JUDGE
**********

**GLENN B. GREMILLION**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**AFFIRMED AS AMENDED.**

Richard E. Lee
810 Main St.
Pineville, LA 71360
(318) 448-1391
Counsel for Plaintiff/Appellee
       Gregory E. Williams

David A. Hughes
Hughes & LaFleur
P. O. Box 1831
Alexandria, LA 71309-1831
(318) 443-4090
Counsel for Defendant/Appellant
       Pamela Quinn
       State Farm Insurance Companies, Inc

GREMILLION, Judge.

The defendants, Pamela Quinn and her insurer, State Farm Mutual Automobile Insurance Company, appeal the judgment of the trial court awarding damages in the amount of $24,370.38 to the plaintiff, Gregory Williams. For the following reasons, we reduce the amount awarded to Williams to $17,305.90.

## FACTS

This matter arose from a automobile accident in Rapides Parish, on October 24, 2000. Williams filed the instant suit after his vehicle was struck from behind by the vehicle being driven by Quinn. Suit was filed in Pineville City Court, which has a jurisdictional limit of $35,000. Quinn and State Farm filed an answer and reconventional demand. Following a trial on the merits, the city court rendered judgment finding Williams twenty percent at fault and Quinn eighty percent at fault. The city court further found that Williams was uninsured at the time of the accident, thus, Quinn and State Farm were entitled to a credit of $10,000 pursuant to La.R.S. 32:866. Damages were awarded to Williams in the amount of $40,000. Subtracted from this amount were his twenty percent fault, the credit of $10,000, and $694.10 (twenty percent of the property damage awarded to Quinn for damage to her vehicle), for a total of $24,370.28. Judgment was rendered in this matter on February 13, 2003. This appeal by Quinn and State Farm followed.

## ISSUES

On appeal, Quinn and State Farm argue that the city court erred in rendering a judgment in an amount in excess of its jurisdictional limit.

## JURISDICTIONAL LIMIT

The jurisdictional limit of the Pineville City Court is $35,000. La.Code Civ.P. art. 4843(I). Louisiana Code Civil Procedure Article 4841(A) provides that the subject matter jurisdiction of city courts is "limited by the amount in dispute and by the nature of the proceedings." Furthermore, the amount in dispute is "determined by the amount demanded, including damages pursuant to Civil Code Articles 2315.3 and 2315.4, or value asserted in good faith by the plaintiff, but does not include interest, court costs, attorney fees, or penalties, whether provided by agreement or by law." La.Code Civ.P. art. 4841(B). Louisiana Code Civil Procedure Article 5 provides, "When a plaintiff reduces his claim on a single cause of action to bring it within the jurisdiction of a court and judgment is rendered thereon, he remits the portion of his claim for which he did not pray for judgment, and is precluded thereafter from demanding it judicially."

In *Bullock v. Graham*, 96-0711 (La. 11/1/96), 681 So.2d 1248, *overruled on other grounds*, *Benoit v. Allstate Ins. Co.*, 00-0424 (La. 11/28/00), 773 So.2d 702, the supreme court examined the methods used by various courts of appeal in cases dealing with jurisdictional limits and stipulations limiting a plaintiff's recovery to a certain amount. After reviewing those methods, the supreme court held that an amount awarded in such cases could "not exceed that maximum recoverable amount, and the plaintiff's percentage of fault was to be deducted from the maximum recoverable amount." *Landry v. Allstate Ins. Co.*, 99-1971 (La.App. 1 Cir. 9/22/00), 768 So.2d 256. The maximum recoverable amount is the jurisdictional limit or the amount stipulated by the plaintiff as being that amount.

2

In this instance, the maximum amount recoverable by Williams is $35,000. Thus, the city court erred in awarding him $40,000 and then deducting his twenty-percent fault, the $10,000, and the $694.10 from that amount. Since Williams waved his recovery of more than $35,000, the most the city court could have awarded him initially was that amount. Therefore, we amend the city court judgment to award Williams $35,000, less his twenty-percent fault, the $10,000, and $694.10, for a total award of $17,305.90.

In his brief, Williams requests that we deduct the $10,000 from the $35,000, before reducing that amount by twenty percent. Williams did not answer Quinn's appeal. An answer by the appellee is necessary when he "desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant." La.Code Civ.P. art. 2133. Since Williams has failed to answer Quinn's appeal, we decline to address his request.

**CONCLUSION**

For the foregoing reasons, the judgment of the city court is amended to award Williams an initial $35,000, which is then reduced by twenty-percent fault, $10,000, and $694.10, for a total of $17,305.90. The costs of this appeal are assessed to the plaintiff-appellant, Gregory Williams.

**AFFIRMED AS AMENDED**.

3