NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-679

STEPHEN SWARTHOUT

VERSUS

ROGER DRIGGERS, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. 2017-339
HONORABLE ERROL DAVID DESHOTELS, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Sharon Darville Wilson, and Charles G. Fitzgerald, Judges.

**AFFIRMED.**

**John Craig Jones**
**Craig R. Hill**
**Jones & Hill, LLC**
**131 Highway 165 South**
**Oakdale, LA 71463**
**(318) 335-1333**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
    **Stephen Swarthout**

**D. Scott Rainwater**
**Rachel M. Roe**
**Taylor, Wellons, Politz & Duhe, APLC**
**4041 Essen Lane, Suite 500**
**Baton Rouge, LA 70809**
**(225) 387-9888**
**COUNSEL FOR DEFENDANTS-APPELLANTS:**
    **Roger Driggers**
    **Progressive Waste Solutions of LA, Inc.**
    **Ace American Insurance Company**

**PICKETT, Judge.**

The defendants appeal the trial court's award of damages to the plaintiff for an injury he allegedly suffered in a motor vehicle accident and the trial court's denial of their reconventional demand and request for a jury trial on the reconventional demand. We affirm.

## FACTS

Stephen Swarthout filed suit against Roger Driggers; Driggers' employer, Progressive Waste Solutions of LA, Inc.; and Progressive's insurer, Ace American Insurance Company, seeking damages for injuries he claims to have suffered on September 28, 2016, when the vehicle in which he was riding was hit by a garbage truck owned by Progressive and driven by Mr. Driggers. Mr. Driggers was in the course and scope of his employment with Progressive when the accident occurred.

On September 29, Mr. Swarthout sought medical attention at the office of Dr. Charles Fontentot where he was treated by Nurse Practitioner Debra Vidrine. Mr. Swarthout related to Nurse Practitioner Vidrine that he had been having right shoulder pain for two days, which was very painful with elevation of his arm and which disrupted his sleep. He reported he injured his shoulder on September 27, while trying to move a deer stand from one tree to another. Mr. Swarthout explained that he fell to the ground on his left side after he lost his footing and the deer stand fell toward him. He then pushed the stand away from his body with his right hand. Mr. Swarthout also stated he did not mention the motor vehicle accident to Nurse Practitioner Vidrine.

Thereafter, on October 16, Mr. Swarthout sought medical treatment from Dr. Gerald Leglue, who is board certified in physiatry, physical medicine and rehabilitation, and medical acupuncture. During that visit, Mr. Swarthout reported he injured his right shoulder in the motor vehicle accident. Mr. Swarthout also

reported he saw his primary care physician the day after the motor vehicle accident but did not mention the deer stand incident he cited to Nurse Practitioner Vidrine as causing his shoulder pain. Dr. Leglue ordered an MRI of Mr. Swarthout's right shoulder which revealed Mr. Swarthout had a torn rotator cuff. Thereafter he referred Mr. Swarthout to Dr. Brett M. Cascio, an orthopedic surgeon, for surgery.

Mr. Swarthout saw Dr. Cascio on March 19, 2017, and reported he injured his right shoulder in the motor vehicle accident without mentioning the deer stand incident. After evaluating Mr. Swarthout and his test results, Dr. Cascio performed surgery on his right shoulder to repair the torn rotator cuff. Dr. Cascio discharged Mr. Swarthout in October 2017.

That same month, Mr. Swarthout responded to interrogatories propounded by the defendants and identified Drs. Fontenot, Leglue, and Cascio as physicians who had examined or treated him after the motor vehicle accident. The defendants deposed Mr. Swarthout in March 2018. Thereafter, in June 2018, the defendants filed an amended answer and reconventional demand in which Progressive assumed the position of plaintiff in reconvention and asserted Mr. Swarthout was committing fraud in pursuing his claims because he reported to Nurse Practitioner Vidrine that the injuries he sued upon occurred when the deer stand fell on him. Progressive asserted Mr. Swarthout's allegation he was injured in the motor vehicle accident is a misrepresentation of fact which constitutes fraud and prayed to be awarded "sanctions, attorneys' fees, and costs, and any additional relief to which [they] may be entitled, in law or in equity" for having to defend the fraudulent claims.

On January 31, 2019, Mr. Swarthout filed a motion to strike the jury trial, pursuant to a stipulation in which he stated "no one cause of action in this matter

2

reaches or exceeds $50,000" and "the matter in controversy does not exceed the sum or value of $50,000, exclusive of interest and costs as is contemplated by 28 USCA 1332." He argued Progressive's reconventional demand failed to state a cause of action that can be tried to a jury and a cause of action that satisfies the statutory minimum for a trial by jury. Progressive opposed the motion to strike. After a hearing, the trial court granted Mr. Swarthout's motion to strike Progressive's request for a jury trial. The defendants filed an application for supervisory writs with this court then with the supreme court, seeking to have the trial court's action reversed. Both writ applications were denied. *See Swarthout v. Driggers*, 19-289 (La.App. 3 Cir. 6/6/19) (unpublished writ denial), *writ denied*, 19-1120 (La. 10/8/19), 280 So.3d 172.

On April 27, 2021, the matter proceeded to trial on the merits. Mr. Swarthout presented the testimony of his friend Jody Mancil, the owner and driver of the vehicle hit by Progressive's garbage truck; Brandi Mancil, Jody's wife who was also a passenger in the vehicle; himself; and Mr. Driggers. He also presented the testimony of Drs. Leglue and Cascio via deposition. The defendants presented the testimony of Dr. Fontenot and Nurse Practitioner Vidrine.

The three physicians testified that based on the facts regarding the deer stand incident and the motor vehicle accident reported to them by Mr. Swarthout and/or described by counsel and/or the Mancils, they could not say more probably than not whether the deer stand incident, the motor vehicle accident, or both caused or contributed to the tear in Mr. Swarthout's rotator cuff. Nevertheless, Dr. Fontenot and Dr. Leglue testified, based on the facts related by counsel, the deer stand incident and/or the motor vehicle accident could have caused a torn rotator cuff

3

and that if Mr. Swarthout was injured in the deer stand incident, the motor vehicle accident could have aggravated or exacerbated a previously torn rotator cuff.

At the conclusion of the parties' presentation of evidence, the trial court took the matter under advisement and thereafter issued a written opinion in which it concluded: "With both accidents occurring back to back, only one day apart, it would be virtually impossible to determine with exact certainty how Mr. Swarthout's right shoulder rotator cuff got so badly torn." The trial court awarded Mr. Swarthout $30,000 in damages, representing $23,000 in general damages for past, present, and future physical and emotional pain and suffering and $7,000 for medical expenses. The defendants appealed.

### ASSIGNMENTS OF ERROR

The defendants assign four errors in their appeal:

(1) The trial court erred in awarding Plaintiff damages because no medical expert testified that his shoulder injury resulted from a car accident, rather than from his deer-stand accident the previous day that he initially claimed had caused his symptoms.

(2) Even if an award were proper, the trial court erred in awarding Plaintiff a percentage of his supposed "optimal" damages rather than a percentage of the stipulated maximum damages.

(3) The trial court erred by denying Defendants a jury trial on their reconventional demand because the amount in controversy exceeds $50,000.

(4) The trial erred in rejecting Defendants' reconventional demand despite acknowledging that Plaintiff knowingly lied to advance his personal-injury claim.

*Sufficiency of the Evidence*

In their first assignment of error, the defendants urge Mr. Swarthout failed to carry his burden of proving he was injured when the garbage truck hit Mr. Mancil's truck. In their fourth assignment of error, they argue the trial court erred in rejecting Progressive's reconventional demands, citing the trial court's

4

acknowledgment that Mr. Swarthout was not completely truthful with his medical providers. These assigned errors hinge on the trial court's interpretation and acceptance of the medical evidence and its credibility assessments of Mr. Swarthout and the Mancils. Accordingly, we address them together.

Mr. Swarthout has the burden of proving by a preponderance of the evidence a causal relationship between the motor vehicle accident and his torn rotator cuff. *Taylor v. City of Alexandria,* 19-25 (La.App. 3 Cir. 6/5/19), 274 So.3d 206 (citing *Maranto v. Goodyear Tire & Rubber Co.*, 94-2603, 94-2615 (La. 2/20/95), 650 So.2d 757). He can satisfy this burden by proving through medical and lay testimony it is more probable than not that his injury was caused by the accident. *Vaughn v. Progressive Sec. Ins. Co.*, 03-1105 (La.App. 3 Cir. 3/2/05), 896 So.2d 1207. "Proof is sufficient to constitute a preponderance when the entirety of the evidence, both direct and circumstantial, shows the fact or causation sought to be proved is more probable than not." *Cangelosi v. Our Lady of the Lake Reg'l Med. Ctr.*, 564 So.2d 654, 664 (La.1989).

Whether the motor vehicle accident caused and/or contributed to Mr. Swarthout's rotator cuff injury is a factual question which cannot be reversed on appeal absent manifest error or unless trial court's conclusion was clearly wrong. *Stobart v. State through DOTD*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). To determine whether the trial court's factual findings are manifestly erroneous, we must review the record in its entirety and conclude that no reasonable basis exists to support the findings and the record shows the factfinder is clearly wrong. *Id*. When conducting our review, we must be cautious not to re-weigh the evidence or to substitute our own factual conclusions because we would have made different findings. *Snider v. La. Med. Mut. Ins. Co.*, 14-1964

5

(La. 5/5/15), 169 So.3d 319. Accordingly, our determination is not whether the factfinder's determination is right or wrong, but whether it is reasonable. *Id.*

We must also be mindful of the fact that while Mr. Swarthout reported being injured in the deer stand incident, the defendants are liable for any injury he suffered in the motor vehicle accident, whether it is a new separate injury or an exacerbation of a prior injury. *See Lasha v. Olin Corp.*, 625 So.2d 1002 (La.1993) (holding a defendant takes his victim as he finds him and is responsible for all natural and probable consequences of his tortious conduct).

The trial court has broad discretion in determining the effect and weight to be given the testimony of all witnesses, lay and expert. *Williams v. City of Monroe*, 27,065, 27,066 (La.App. 2 Cir. 7/3/95), 658 So.2d 820, *writs denied,* 95-1998, 95-2017 (La. 12/15/95), 664 So.2d 451, 452, respectively. Credibility determinations, including the evaluation and resolution of conflicts in expert testimony, are factual issues for the trier of fact to resolve, and in the absence of manifest error, such determinations should not be disturbed on appeal. *Hebert v. State Farm Fire & Cas. Co.*, 21-10 (La.App. 3 Cir. 8/4/21), 325 So.3d 1090, *writ denied* 21-1358 (La. 11/17/21), 327 So.3d 992. Great deference must be given to factual findings based on credibility determinations, and, where the factfinder's determination is based on its decision to credit the testimony of one or more witnesses, its findings can "virtually never" be manifestly erroneous or clearly wrong. *Rosell*, 549 So.2d at 845.

The defendants urge the trial court erred in finding the expert medical testimony established more probably than not that Mr. Swarthout was injured in the motor vehicle accident because no medical expert testified the motor vehicle

accident more probably than not caused injury to him. The trial court addressed this issue in its written opinion, stating:

> The medical providers who testified, Nurse Practitioner Vidrine and Dr. Fontenot, both confirmed that either of the events of September 27 or 28, 2016, described, if true, could have caused a torn rotator cuff injury the type of which Mr. Swarthout suffered from. In this case what is most compelling is that on September 28, 2016, the morning after the tree stand incident of September 27, 2016, the incident which Defendants contend caused Plaintiff's severely painful rotator cuff tear, Mr. Swarthout did not present himself to Dr. Fontenot's office complaining of severe pain and lack of sleep. Instead rather, on the morning of September 28, 2016, Mr. Swarthout was eating breakfast as usual with Mr. Mancil and riding with him to get hog scraps. The morning of September 29, 2016, one day after the automobile accident, Mr. Swarthout was at Dr. Fontenot's office making these very same shoulder complaints which later proved to be a painful torn rotator cuff. All witnesses testified that earlier in the morning at breakfast and while driving to Buddy's IGA, Mr. Swarthout did not complain of [a] right shoulder injury. After the car accident, the testimony showed that Mr. Swarthout was having shoulder pain and that the next morning he presented himself to the doctor's office with a painful rotator cuff tear.
>
> Dr. Cascio's deposition explained different ways in which a rotator cuff tear may occur. Age and degenerative conditions and patient's prior heavy work history can all factor into the equation. Trama [sic] to the shoulder can also cause such an injury and there is a possibility that [an] existing slight and even asymptomatic cuff tear can rip all the way open after a subsequent jarring event in the way that a partially unzipped zipper can suddenly burst open.
>
> Based on the totality of the evidence, even though Mr. Swarthout was discredited, the Court believes that both incidents caused some damage to Plaintiff's shoulder. Therefore, the Court finds that Plaintiff has proved by [a] preponderance of the evidence that the car wreck of September 28, 2016, contributed to or caused Plaintiff's shoulder injury.

We further note, Dr. Leglue initially testified he could not give an opinion as to whether Mr. Swarthout's rotator cuff was injured in the motor vehicle accident. However, after defense counsel provided him factual information Mr. Swarthout addressed in his deposition testimony, Dr. Leglue testified Mr. Swarthout's description of how he positioned his arms before the garbage truck hit Mr.

7

Mancil's truck "sets you up for a rotator cuff tear." He further testified it was likely either accident could have caused Mr. Swarthout's rotator cuff to tear but explained he could not determine which accident caused the tear other than knowing Mr. Swarthout's subjective complaints of pain and Mr. Swarthout's history of how he was injured, which he did not know. Dr. Leglue also acknowledged that based on Nurse Fontenot's records, Mr. Swarthout did something to his shoulder in the deer stand incident. Nonetheless, he testified either accident could have caused Mr. Swarthout's injury, and it is very plausible both accidents could have contributed to his injury.

Mr. Swarthout acknowledged he did not inform Nurse Practitioner Vidrine of the motor vehicle accident but explained he did not think Dr. Fontenot's office would see anyone who might be involved in a lawsuit. Mr. Swarthout also acknowledged he did not inform Dr. Leglue or Dr. Cascio of the deer stand incident but noted he did not deny to any of his health care providers that he was injured in the deer stand incident.

The trial court recognized Mr. Swarthout had serious credibility issues. Rather than deciding this case solely on Mr. Swarthout's tainted credibility, the trial court properly considered the totality of the evidence presented at trial, paying close attention to the details related by all the witnesses. In doing so, the trial court had the opportunity to observe Mr. Swarthout's and the Mancils' demeanor when testifying about the events that occurred the day of the motor vehicle accident. As the trial court referenced in its opinion, the Mancils testified that the morning before the accident Mr. Swarthout did not appear to have "anything wrong with him" and used his right hand to eat breakfast with "no trouble" as usual. They further testified that after the accident Mr. Swarthout complained his right shoulder

hurt, looked like he was in pain, and held his right shoulder.  The Mancils also related that following the accident, Mr. Swarthout favored his right arm and did not use it as much as he did normally.

Our review of the evidence shows there is a reasonable factual and medical basis for the trial court's finding Mr. Swarthout was injured in the deer stand incident and that injury was exacerbated by the motor vehicle accident. Accordingly, we cannot say the trial court committed manifest error or was clearly wrong in concluding Mr. Swarthout proved more probably than not that the motor vehicle accident "caused or contributed" to his shoulder injury.

*Damages*

When considering the issue of damages, the trial court considered Mr. Swarthout's stipulation that his damages associated with the accident at issue herein were $50,000 or less before awarding him $23,000 in general damages and $7,000 in medical expenses.  Counsel for Mr. Swarthout urged in closing arguments the optimal range of damages for his torn rotator cuff injury is $300,000 to $500,000.  The defendants argue the trial court awarded Mr. Swarthout "a percentage of his supposed 'optimal' damages" rather than a percentage of the stipulated maximum damages.  They contend the maximum Mr. Swarthout can recover is that same ratio, i.e., $5,000, 10% of $50,000, and urge the trial court erred in awarding him $30,000 in damages.

Mr. Swarthout stated in his stipulation:  "no one cause of action in this matter reaches or exceeds $50,000" and "the matter in controversy does not exceed the sum or value of $50,000, exclusive of interest and costs."  By stipulating the amount at issue in this controversy does not exceed $50,000, Mr. Swarthout acknowledged, the most he could recover is $50,000 for his injuries in conjunction

9

with the motor vehicle accident if he was not at fault in causing his damages.[1]
*Bullock v. Graham*, 96-711 (11/1/96), 681 So.2d 1248, *abrogated on other grounds, Benoit v. Allstate Ins. Co.*, 00-424 (La. 11/28/00), 773 So.2d 702. The supreme court addressed the defendants' argument in *Bullock* finding if a plaintiff's damages exceed the dollar amount set forth in a stipulation, he waives any damages exceeding the stipulated amount. *See also*, La.Code Civ.P. art. 5 which states, "When a plaintiff reduces his claim on a single cause of action to bring it within the jurisdiction of a court and judgment is rendered thereon, he remits the portion of his claim for which he did not pray for judgment, and is precluded thereafter from demanding it judicially."

Mr. Swarthout limited his damage claim against the defendants to the trial court's jurisdictional limit of $50,000, and the trial court could not award him more than that amount. *Landry v. Allstate Ins. Co.*, 99-1971 (La.App. 1 Cir. 9/22/00), 768 So.2d 256. His counsel's reference to $300,000 to $500,000 as being a range of optimal damages for his injury has no bearing on the maximum damages the trial court could award. This assigned error lacks merit.

### Jury Trial

In its reconventional demand, Progressive alleges Mr. Swarthout's claim for damages is fraudulent because he initially reported to Nurse Practitioner Vidrine his shoulder injury was caused by the deer stand incident but thereafter reported to Drs. Leglue and Cascio his injury was caused by the motor vehicle accident. Progressive alleged Mr. Swarthout "made misrepresentations of material fact, with an intent to deceive, causing justifiable reliance with resultant injury" and

---

[1] If Mr. Swarthout had been at fault in causing his damages, his recovery would be limited to $50,000.00 less the percentage of fault assessed to him. *Williams v. Quinn*, 03-630 (La.App. 3 Cir. 11/5/03), 858 So.2d 873.

"violated Louisiana Code of Civil Procedure article 863." It further alleged it "has expended time, money, costs, and attorneys' fees associated" with Mr. Swarthout's fraudulent claims and prays for an award of "sanctions, attorneys' fees, and costs, and any additional relief" available. Progressive urges the trial court erred in granting Mr. Swarthout's motion to strike the jury and denying its demand for a jury trial.

Mr. Swarthout argues this court addressed this assigned error when it considered and denied a supervisory writ application filed by the defendants after the trial court granted Mr. Swarthout's motion to strike Progressive's request for a jury trial. *See Swarthout v. Driggers,* 19-289 (La.App. 3 Cir. 6/6/19) (unpublished writ denial), *writ denied,* 19-1120 (La. 10/8/19), 280 So.3d 172. Therefore, he contends it is the law of the case and need not be addressed again by this court. The law of the case doctrine, however, does not apply to a trial court ruling on an interlocutory issue. *Land v. Vidrine*, 10-1342 (La. 3/15/11), 62 So.3d 36. A judgment sustaining a motion to strike a jury trial is interlocutory. *Chrysler Credit Corp. v. Sanders*, 545 So.2d 1167 (La.App. 4 Cir.), *writ denied*, 548 So.2d 1254 (La.1989). Accordingly, the law of the case doctrine is not applicable to this issue.

In its briefs to the trial court and this court, Progressive states the basis for the damage awards it seeks is attorney fees which it urges "are the direct damages incurred to defend/avoid the fraudulent tort claim brought . . . by Mr Swarthout." Louisiana jurisprudence has a longstanding general rule that attorney fees are not allowed as an element of damages unless provided by contract or statute. *Killebrew v. Abbott Labs.*, 359 So.2d 1275 (La.1978).

Nonetheless, Progressive asserts La.Civ.Code art. 2315 has been held to provide a cause of action for damages caused by misrepresentations, whether

intentional or negligent, citing *Griffin v. BSFI W. E & P, Inc.*, 00-2122 (La.App. 1 Cir. 2/15/02), 812 So.2d 726 and *Deville v. Leonards*, 457 So.2d 311 (La.App. 3 Cir. 1984). Notably, a claim for attorney fees is not an issue in either of these cases. Progressive further argues, however, that attorney fees are a proper element of damages "where a plaintiff incurs the fees to avoid or reduce harm caused by a defendant's tortious conduct." FRANK L. MARAIST & THOMAS C. GALLIGAN, JR., LOUISIANA TORT LAW § 705 (2d ed. 2017). The cases cited by the authors for this proposition involved claims for false arrest, malicious prosecution, and conversions after criminal proceedings for malicious prosecution and/or false arrest against the plaintiffs were terminated in their favor. The plaintiffs were awarded attorney fees as an element of compensatory damages in subsequent civil proceedings. *See Ross v. Sheriff of LaFourche Parish*, 479 So.2d 506 (La.App. 1 Cir. 1985); *Hoff v. Canal Ref. Co.*, 454 So.2d 188 (La.App. 1 Cir. 1984); *Graf v. McCrory Corp.*, 368 So.2d 1217 (La.App. 4 Cir. 1979). These cases do not support Progressive's claim for attorney fees. A claim for malicious prosecution cannot be litigated until the underlying judicial proceeding that is the basis for the plaintiff's malicious prosecution claim is terminated in favor of the plaintiff, which is not the case here. *Johnson v. Pearce,* 313 So.2d 812 (La.1975); *Robinson v. Goudchaux's*, 307 So.2d 287 (La.1975). *See also Ramp v. St. Paul Fire & Marine Ins. Co.*, 263 La. 774, 269 So.2d 239 (1972), where a plaintiff in a suit for legal malpractice was awarded attorney fees he would not have incurred but for the negligence of the defendant attorneys. As with the malicious prosecution cases, the attorney fees were awarded in the legal malpractice proceeding after the matter in which the attorneys committed malpractice was completed.

Progressive also cites cases in which insurers have been awarded expenses of investigation, other expenses such as rental vehicle fees and the balance paid on a home mortgage, attorney fees, and costs in connection with arson claims asserted by their insureds. *See Albert v. State Farm Mut. Auto. Ins. Co.*, 09-1551 (La.App. 1 Cir. 4/30/10), 38 So.3d 104; *Fuselier v. U. S. Fid. & Guar. Co.*, 301 So.2d 681 (La.App. 3 Cir. 1974). Progressive notes the courts in *Albert* and *Fuselier* did not address the basis for the award of attorney fees and urges this court cannot assume the attorney fee awards were provided for by the insurance policies at issue. Pursuant to the general rule that attorney fees are not recoverable as an item of damages unless provided by statute or contract, we will not assume the awards for attorney fees in these cases were not based on provisions contained in the insurance policies at issue therein.

Moreover, as Mr. Swarthout points out, La.Code Civ.P. art. 863 appears to require Progressive's reconventional demand be pursued in a summary proceeding before the trial court. Specifically, La.Code Civ.P. art. 863(D) provides for the imposition "of an appropriate sanction" upon an attorney or the "represented party, or both," who signed a pleading certified in violation of this provision.[2] The sanction imposed may order the complaining party be awarded reasonable

---

[2] Pursuant to La.Code Civ.P. art. 863(B) provides, in pertinent part:

B. Pleadings need not be verified or accompanied by affidavit or certificate . . . but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief . . . he certifies all of the following:

(1) The pleading is not being presented for any improper purpose . . . .

(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

expenses, which can include attorney fees. The trial court can only impose sanctions under this article after it conducts a hearing. La.Code Civ.P. art. 863(D). *See also Hampton v. Greenfield*, 618 So.2d 859 (La.1993).

Progressive admits the main objective of its reconventional demand is the reimbursement of attorney fees which is contrary to Louisiana's well-settled general rule that attorney fees are not recoverable unless authorized by contract or statute. Accordingly, the trial court did not err in denying Progressive's reconventional demand and request for a trial by jury.

## DISPOSITION

For the reasons discussed, we affirm the judgment of the trial court awarding Stephen Swarthout damages totaling $30,000 against the defendants, Roger Driggers, Progressive Waste Solutions of LA, Inc., and Ace American Insurance Company, and denying Progressive Waste Solutions of LA, Inc.'s reconventional demand and request to try the merits of that demand to a jury. All costs are assessed to Roger Driggers, Progressive Waste Solutions of LA, Inc., and Ace American Insurance Company.

**AFFIRMED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**

Rule 2-16.3, Uniform Rules, Courts of Appeal

14